*Eastern Dis.*
*July, 1841.*

RAWLE TO USE
OF RUSSELL
*vs.*
SKIPWITH
ET UX.

19L 207.
45 1443

[AN OMITTED CASE.]

**RAWLE TO USE OF RUSSELL vs. SKIPWITH ET UX.**

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE PARISH OF
EAST BATON ROUGE, JUDGE PATILLO OF THE EIGHTH PRESIDING.

Where all the promises and contracts are set out in the pleadings, if any one of them will authorize judgment, the court should render it. Irrelevant or useless matter does not vitiate the good.

The party having the legal title may sue for the benefit of whom he pleases; in the same manner as he might dispose of the funds after judgment if he sued in his own name.

Where a case is dismissed on an exception *in limine litis*, the Supreme Court cannot examine it on the merits. It must be remanded for a new trial.

On the 21st May, 1827, Wm. Rawle of Philadelphia to the use of W. Russell, of Great Britain, sued F. Skipwith and wife for a debt of $11,500, secured by mortgage, in which the wife renounced her rights on the mortgaged property, in favor of the mortgagee. It was executed the 8th September, 1821, and declares, "that L. V. Skipwith, authorized by her husband, F. Skipwith, Esq., and also acting in his own name, do declare and acknowledge that they are justly indebted to Wm.

EASTERN DIS.
July, 1841.

RAWLE TO USE
OF RUSSELL
vs.
SKIPWITH
ET UX.
Rawle, of Philadelphia, in the sum of $11,500," &c. The de-fendants severed in their pleadings. Both pleaded a novation of the debt, and excepted to the manner of proceeding and to the action. The exceptions were sustained; and on the 16th July, 1827, there was judgment dismissing the suit. The plaintiff appealed.

*Thomas Gibbes Morgan*, for the plaintiff and appellant.

*Gurley & Lobdell*, for the defendants.

*Mathews, J.* delivered the opinion of the Court.

Skipwith the husband, being indebted to Wm. Russell, of the kingdom of Great Britain, made and executed in favor of Wm. Rawle, of Philadelphia, his attorney in fact, on the first day of May, 1818, six several promissory notes, payable at different times, or annual installments, for the sum total of $11,500. The last installment or note became due in January, 1824. In December, 1819, the defendants sold to one Josias Gray, for $45,000, payable at several installments, a plantation and slaves, situate in the parish of East Baton Rouge. In the act of sale, they retained a mortgage until perfect payment. Some time after the sale (the record does not state the precise period) the defendants appeared before a Notary Public, and by an instrument of writing executed before him, declared that they were justly indebted to him (Rawle of Philadelphia,) in the sum of $11,500, for which they bound themselves *in solido ;* and for the better securing thereof assigned and transferred to Rawle as much of the debt due them by Gray as would satisfy the obligation thus entered into. The act concludes in these words : " This act is passed to secure the payment of six notes all executed the first day of May, 1818, amounting together to the said sum of $11,500, which notes are not here to be deli-vered up to the obligors : It is therefore understood that they are discharged by this act, and are to be destroyed and deli-vered up to the obligees, on or before the time the first pay-ment becomes due, as mentioned in this act." To this instru-

ment the names of the defendants are affixed. Nothing shows however, that it was accepted or assented to by the obligee, at the time it was made, nor at any subsequent period, up to the commencement of this suit. An additional contract was en- tered into by one of the obligees, which adds another feature to these transactions. From some cause or other Gray did not comply with the condition of the sale made to him by the defendants, and in December 1826, he sold to one of them (Skipwith the husband) the plantation and slaves he had previously purchased from him and his wife. In this act Skipwith binds himself and promises to pay to Rawle the $11,500 with interest; part of the debt due by Gray, which had been *assigned* by the obligees, as already stated, to Rawle. Thus we find the plaintiff to have obtained three different obligations for the debt due to him. *First*, the note of the husband : *second*, the assignment of a debt due to the husband and wife : and *third*, the obligation of the husband to pay the debt so assigned. The petition in this case sets out these different acts and states that the defendants are indebted to the petitioners in the sum of $11,500, with interest at the rate of six per cent on the original notes from the time they respectively became due, until the first day of March, 1822. From that time until the first day of March, 1824, at ten per cent. ; and from that date until paid, at five per cent. The petition concludes with a prayer for judgment against them *in solido ;* and that the petitioner may be declared to have a mortgage on the land and slaves sold by the defendants to Gray, and by Gray re-sold to Skipwith. The defendants pleaded separately. The husband averred ;

1st. That the notes sued on, had been novated by the assignment made to the plaintiff of the debt due by Gray ; and that the ordinary hypothecary action must be commenced against him.

2d. That the suit is brought for the use of Russell, when it ought to be for the payee Rawle.

3d. That the action of mortgage cannot be maintained directly against the defendant, because the plaintiff's right of mort-

EASTERN DIS.
July, 1841.

RAWLE TO USE
OF RUSSELL
vs.
SKIPWITH
ET UX.

gage to it is derived from an assignment of the defendant and wife against Gray ; and the re-transfer or sale from Gray to the defendants does not confer a right on the plaintiff to exercise the actions directly against the defendants.

The wife pleaded ;

1st. That the debt had been novated by the assignment of the debt on Gray.

2d. That the suit should have been brought in the name of Rawle and for his own use and benefit.

3d. That she contracted the debt for the benefit of her husband, and as his surety, and is not bound.

4th. That the plaintiff had accepted Gray as his debtor, and that she had not become a party to any subsequent act by which she became responsible for the debt. The assignment of the debt due by Gray was made on the condition that the six notes should be given up or destroyed.

The plaintiff, by bringing suit on the assignment and claiming the benefit of it, has ratified and confirmed the condition on which it was made. The District Court therefore did not err in considering there was a novation of the debt due by these notes. But we do not see how the novation of these notes destroys the plaintiff's action in the form it is presented. All the contracts and promises are set out in the pleadings ; and if any one of them will authorize judgment against the defendants, it is the duty of the court to render it. The irrelevant matter in the petition does not vitiate that which is good. We see no ground whatever for the second objection. The legal title is in Rawle, and he may sue for whom he pleases, in the same manner he might make any disposition he chose of the funds after judgment, if he had sued in his own name. And as to the exception in relation to the hypothecary action, that the defendant Skipwith, who is the principal debtor, must be considered as a third possessor, because the property mortgaged to him by Gray has come into his hands by a re-transfer of the mortgage, we cannot examine it now, because the right of mortgage must depend on the plaintiff's establishing his debt :

*Where all the promises and contracts are set out in the pleadings, if any one of them will authorize judgment, the court should render it. Irrelevant or useless matter does not vitiate the good.*

*The party having the legal title may sue for the benefit of whom he pleases ; in the same manner as he might dispose of the funds after judgment if he sued in his own name.*

And whether that be due or not we cannot decide ; for when a cause goes off in the court below on an exception taken *in limine litis*, it cannot on appeal be examined on the merits. Although the court decided correctly that the notes set out in the petition were novated, it erred in dismissing the cause ; as there is sufficient matter set out in the pleadings to authorize a judgment independent of them.

It is therefore ordered, adjudged and decreed that the judgment of the District court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed that this cause be remanded to the District Court to be proceeded in according to law ; the appellee paying the costs of this appeal.

*Margin notes:*

EASTERN DIS. *July*, 1841.

Where a case is dismissed on an exception *in limine litis*, the Supreme Court cannot examine it on the merits. It must be remanded for a new trial.