## DORINDA DAYTON *v.* THE COMMERCIAL BANK OF NATCHEZ and others.

Where defendant is in possession of a judgment for a certain sum, payable in specie, from which no appeal has been taken, an allegation by the party against whom it was rendered, that, by the original contract, he was entitled to discharge the debt in the notes of a particular bank, cannot be inquired into on an application to enjoin the execution. Such a defence should have been urged in the original suit in which the judgment was rendered, under which the execution was issued.

In an action by one for the use of another, the latter is the real plaintiff. In such an action the defendant may urge any defence he may have against the nominal, or the real plaintiff.

6r 17
45 554

6r 17
47 1287

6r 17
48 779

6r 17
121 752

6r 17
125 451

Dayton v. The Commercial Bank of Natchez.

Art. 624, of the Code of Practice, which declares, that one, in whose favor a judgment has been rendered which is subject to appeal, cannot take out execution until ten days shall have elapsed, counting from the notification to the opposite party, must be construed in connection with art. 575, of the same Code, and be understood as excluding Sundays from the ten days. It could not have been intended to allow an execution, so long as the defendant is entitled to a suspensive appeal.

An injunction against an execution, prematurely issued, will not be perpetuated where the creditor will be entitled to take out another execution as soon as the injunction against the first is perpetuated. All that the injured party can expect is, to be relieved from the payment of costs and damages, having had the benefit of all the delay to which he was entitled.

APPEAL from the District Court of Concordia, *Willson,* J.

MARTIN, J.   A suit having been instituted by the Commercial Bank, expressly for the use of the Mechanics and Traders Bank, against the present plaintiff, judgment was obtained against her, and execution issued thereon, whereupon she obtained an injunction to stay the proceedings against her, on the ground, that she had tendered the amount of the judgment in the notes of the Commercial Bank, to whom she was originally indebted, on a debt contracted in the State of Mississippi, by which State the said Bank was chartered, and that, according to the laws of that State, her debt might be discharged by a tender of the notes of said Bank, whether it continued to be her creditor, or had transferred the debt; that the Mechanics and Traders Bank, to whom the Commercial Bank had transferred the debt, did not acquire by the transfer other rights than those of the transferror, and, therefore, had not that of insisting on payment in specie, but was bound to receive the notes of the Commercial Bank. The injunction was perpetuated, and the Sheriff was ordered to receive in discharge of the execution the notes of the Commercial Bank, and to return it satisfied. The defendants have appealed.

Admitting all the allegations of the plaintiff to be true, it is now too late for her to avail herself of them. The defendants are in possession of an absolute judgment, condemning her to pay a sum of money in specie, which is unappealed from, and cannot be opened, and its regularity inquired into by the court which rendered it, on the plaintiff's application to enjoin the execution of it.

It is further contended, that the Mechanics and Traders Bank are not the owners and absolute transferrees of the plaintiff's debt to the Commercial Bank, but hold it only as a collateral security, or pledge, and that the Commercial Bank is consequently still the creditor of the plaintiff, and that by a law of the State of Mississippi, the Banks of that State are prohibited from assigning or transferring the debts due to them. To this the defendants have correctly answered, that if any of these matters were available, they ought to have been urged, and insisted on in the suit in which the judgment, the execution of which is sought to be arrested, was rendered. It has further been contended, that the Commercial Bank, and not the Mechanics and Traders Bank, was the real plaintiff in the suit in which judgment was obtained against the present plaintiff, at least, that the latter was entitled to urge therein any matter of defence to which she was entitled against either of the Banks, and we have been referred to 1 Robinson, 394, and 19 La. 210. In 5 Mart. 525, 561, this court held, that if A. sue for the use of B., the latter is the real plaintiff, and with this decision we are not dissatisfied ; neither is it expressly opposed to those in the cases cited from 1 Robinson, and 19 Louisiana Reports, in which we held, that in a suit by A., for the use of B., the defendant may urge any plea he may have against the nominal, or real plaintiff. So in the present case, the plaintiff might have urged any matter of defence which she had against the Commercial Bank before the notice of the transfer ; and against the Mechanics and Traders Bank, any matter of defence which she might have had against it.

Lastly, the injunction has been claimed on the ground, that the execution was issued prematurely. Notice of the judgment was served on the present plaintiff and appellee, on the 3d of January, 1843. The execution bears date the 14th of the same month. If the date can be taken for the day on which the execution was issued, there were between the service of the notice and the day of issuing the execution, (from which, ten days being necessary, a Sunday must be excluded,) but nine days. If the date of the execution does not establish the day on which it was issued, this was done in the present case by the affidavit on which the injunction was granted, which attests, that the execution was issued on

the fourteenth. This note being denied in the answer, must conclude the defendant and appellant. The Code of Practice, art. 575, provides, " that no appeal shall stay execution, unless the same is claimed within ten days, (*Sundays excepted,*) after notice given of the judgment." The same Code, art. 624, provides, that : " Respecting judgments subject to appeal, the party in whose favor one is rendered, can only proceed to the execution after ten days, counting from the notification which he is obliged to make to the opposite party." We are of opinion, that these two articles must be construed together; and the exclusion of Sunday from ten days in the first, must be extended to the same number of days in the second, as the Legislature cannot be supposed to have intended to permit a party to harrass his adversary by an execution, as long as the latter had the right to protect himself from it by an appeal.

If an execution issues prematurely, the party injured cannot demand to have an injunction restraining it perpetuated, if his adversary has a right to obtain another execution as soon as the injunction against the former is perpetuated. All that he can expect is, to be relieved from the payment of costs and damages, as he has had the benefit of all the delay he was entitled to.

It is, therefore, ordered, that the judgment appealed from be reversed, and that the injunction be dissolved; the defendant and appellant paying the costs of the lower court, those of the appeal to be borne by the plaintiff and appellee.

*Saunders* and *Frost*, for the plaintiff.

*F. H. Farrar*, for the appellant.