The opinion of the court was delivered by
Watkins, J.
Relator avers that he is defendant and appellee in the suit entitled Frank Haas et al. vs. D. Negrotto, No. 1062 of the docket of the Circuit Court of Appeals, in and for the city of New Orleans, the object of which is to annul a tax sale.
That to said suit he tendered and caused to be filed a plea of prescription, and also an exception of no cause of action, which were, upon the trial thereof, sustained and the suit dismissed; that from said judgment the plaintiff prosecuted an appeal to the court of the respondents, and therein said exception and plea of prescription were fixed for trial, argued and submitted; and that those were the only issues or questions that were presented to or argued before the respondent judge, or which could-in any manner have been considered or taken as an answer to the merits. That no evidence had been offered, admitted or taken in said cause at anytime; that said exceptions were tried in the lower court upon the face of the papers; that the judge of the Civil District Court did not consider or determine the cause on its merits at all; that said cause was not tried in the court of the respondent on its merits, nor was said cause appealed to said court on the merits — the only trial or hearing of said cause in said court having been upon said exception and plea of prescription.
Relator further avers that notwithstanding said state of facts, the respondents did render a pretended judgment and decree upon the merits of said cause, in favor of the plaintiff, annulling his (relator’s) title to the property in controversy, recognizing plaintiff to be the owner thereof; that within the legal delay he applied to said judges for a rehearing and was refused; and that his only remedy is by certiorari. '
He further represents that said proceedings and judgment of the respondent judges are absolutely null and void, and of no legal effect; *1439 and if same are permitted to remain undisturbed they will work him a great and irreparable injury — said judgment and decree having been rendered without the court having heard the relator or his witnesses on the merits of his cause; and that to permit said illegal, null and void judgment to remain undisturbed would be to condemn relator- without granting him a hearing or trial, and deprive him of his property without due process of law.
Respondents substantially return that there was in the suit of Haas vs. Negrotto “ a joinder of issue of law on the exception filed by the defendant to the effect that the plaintiffs’ petition disclosed no cause of action which admitted that all the facts therein were true, in manner and form as alleged; and that there was thus a joinder of issue between the parties upon all the merits of the case propounded by the plaintiffs; and that upon this issue the parties were heard as they desired; and thereafter, and upon mature consideration, and according to the best judgment of respondents * * * the opinion and decree now complained of was rendered; (and) nothing has since occurred (that) has caused the judges of the court to doubt the correctness of their action in the premises.”
Hence, respondents submit that this court is without jurisdictional competency, either in the exercise of its appellate or supervisory powers, to inquire into and decide whether the proceedings and judgment of their court were or were not in conformity to law.
Respondents have sent up to this court — in connection with their return — the original papers and proceedings in the suit of Haas vs. Negrotto, in order that their validity may be ascertained.
The district judge states in his reasons for judgment that the defendant excepted that the petition disclosed no cause of action, and that the plaintiffs’ demand is barred by the prescription of three years; and, upon examination of the face of the papers, he decreed that “the exceptions herein filed are therefore maintained and that plaintiffs’ suit be dismissed at their cost.”
The judgment rendered is in exactly similar words, viz.: “It is ordered, adjudged and decreed that the exceptions herein filed be maintained, and that plaintiffs’ suit be dismissed at their cost.”
But, in the opinion and decree of the respondent judges, no mention is made of the fact that the District Court judgment was pronounced upon the defendant’s exceptions alone; and they proceed, broadly, to discuss the law of the entire case, in all its bearings upon the merits of the controversy — it being concluded thus:
*1440 “ It is-clear beyond controversy, therefore, that, for the foregoing reasons, the judgment of the District Oourt herein in favor of the defendant, Domingo Negrotto, Sr., is erroneous and must be reversed, and a decree be entered therein in favor of the plaintiffs as prayed for in their petition.
££ It is therefore now ordered, adjudged and decreed that the judgment of the District Oourt herein b.e reversed and avoided; and that the plaintiffs have judgment recognizing them as the lawful owners of the property described in the pleadings, and as such entitled to ¡undisturbed and peaceable possession thereof,” etc. (Our. italics.)
¡ In the opinion of the respondent judges, upon an application for a ■rehearing, they make this statement of their own reasons for refusing it, viz.:
“ Negrotto’s exception, that plaintiff’s petition disclosed no cause .of action, if sustained, as it was by the judge a quo, puts an end to ■ the suit, adversely to the plaintiffs. Such an exception is one of the ■peremptory class, to be tried and determined in limine. If sustained, .it terminates the suit; if overruled, the defendant may answer over. Jennings vs. Vickers, 31 An. 679.
í£ A decision maintaining an exception of this nature is necessarily .a decision upon the merits, inasmuch as it decided that, admitting all the facts alleged to be true in manner and form as alleged, the case stated in the petition is without merits in law.
. <£ For the reasons stated in our original opinion, which go to the root of the whole matter in holding that no State Legislature has the power to enact such a statute as Act 82 of 1884, of the State, under the operation of whose provisions, exclusively, Negrotto claims title,” etc.
. From the foregoing it appears that the respondents entertained the same idea of the effect of a plea of no cause of action, on the trial and decision of the case in their court, as they do in their return, to-wit: That a joinder of issue upon an exception of no cause pf action is, in fact, a joinder of issue between the parties upon all the merits of the ease propounded by the plaintiffs — -such a plea admitting that the acts alleged are true. But the contention of the relator’s counsel is, that the respondent’s theory, in this respect, is .altogether erroneous, and contrary to the established jurisprudence of this court. That the rendition of an absolute and final judgment against the defendant (relator here), on the state of the record as it *1441 appeared before the court of the respondents, at the time it was decided by them, was an absolute refusal to hear the defendant, or his witnesses, in the sense of Code of Practice, Art. 857 — the defendant not having filed an answer in the lower court, and no judgment by default having been entered up against him; or in other words, before issue had been joined upon the record of the controversy before the court of first instance.
Relator’s counsel further insists that such a judgment absolutely prohibits the lower court from entertaining any further pleadings in the cause, or hearing any evidence therein; that it denies the defendant the right of filing any further plea or proof therein, or of urging any matter of defence whatever; that it arbitrarily takes his property and turns it over to the plaintiffs without their having offered any evidence in support of their title or having had a day in court.
That all of these serious and fatal consequences flow from the fact that the respondents assumed, as a matter of law, that a joinder of issue on an exception of no cause of action admitted the truth of all the averments of the plaintiff’s petition, and constituted “a joinder of issue between the parties upon all the merits of the case.”
Counsel for the respondents have furnished us with a large number of authorities touching the authority of this court to examine and determine the question presented for our consideration and summarizes them to the following effect, viz.:
“The above authorities and numerous others show that in a proceeding like the present one the only questions that can be properly submitted to this court are the validity vel non of the proceedings of the inferior court on the face of the papers; whether or not there has been a usurpation of power or an arbitrary refusal to hear the party complaining; whether or not he has been denied the substantial right to present to the court his case for its adjudication. The writ of certiorari can not be made to perform the functions of an appeal; the court having jurisdiction of the case, and an issue within their jurisdiction having arisen, its conclusions upon that issue are final and can not be reviewed. There exists no power to weigh its reasoning or to test the methods by which its judgment was arrived at. The record in point of form being complete, the intrinsic correctness of the court’s doings within that record have been determined by *1442 the highest power known to the law, and are closed against any inquiry by this court.
“The Court of Appeals having made its adjudication upon a matter within its power to adjudicate upon pleadings made, its construction of these pleadings and its conclusions as to what decree is re - sponsive thereto is inviolate, and is as beyond the supervisory power of any other tribunal as are the decrees of your honors over which there may exist no appellate jurisdiction.”
The foregoing propositions are, in the main, correct, and at the same time not inconsistent with the theory of the relator, which, as we understand it, places before us the invalidity of the proceedings had by the respondents in the suit of Haas vs. Negrotto, and which he has had broughtup “to theendthattheirvalidity.be ascertained” (C. P. 855) ; and said proceedings being before us, his theory is further to the effect that the proceedings of the respondents are absolutely void in the various particulars enumerated, and should be set aside — because the respondents have, in effect, refused to hear the relator or his witnesses. O. P. 857.
Assuming, in prsesenti, that the relator’s complaint is founded in point of fact, the law is clear, for it says:
“If upon examining the certified record thus sent, it shall appear to the court issuing the mandate that the proceedings are null and have not been sanctioned by the party complaining of them, it shall avoid the proceedings and direct the inferior judge to try the case anew in conformity with the provisions of the law.” C. P. 864.
Prom the foregoing plain textual provisions of the Code of Practice, certiorari brings up to the court issuing the mandate all of the proceedings that are complained of as absolutely vo^d, to the end that their validity be ascertained; and the court finding the proceedings to be absolutely void is bound to avoid them and direct the inferior judge to try the cause anew.
And inasmuch as this court has “ control and general supervision over all inferior courts,” coupled with the power to issue writs of certiorari and the like, it has and can exercise supervision and control over the court of the respondents. Art. 90 of the Const.
This has been decided by this court in many ca3'es, and notably in the following, viz.: State ex rel. Cobb & Gunby vs. Judges of Circuit Court, 32 An. 774; State ex rel. Harper vs. Judges of Circuit Court, 33 An. 338; State ex rel. Winter vs. Judges of Circuit Court, 33 An. *1443 1096; State ex rel. Gilmer vs. Judges of Circuit Court, 33 An. 1201; State ex rel. Cupples vs. Judges of Circuit Court, 34 An. 1016; State ex rel. Insurance Company vs. Judges, 36 An. 316; State ex rel. Forman vs. Judges, 37 An. 111; State ex rel. Planting Company vs. Judges, 37 An. 582.
Finding that it is the accepted theory of our jurisprudence under the operation of Art. 90 of the Constitution, that Circuit Courts of Appeal come within its meaning and intendment as ‘ ‘ inferior courts ’ ’ with respect to the exercise of the supervisory power of this court, we must ascertain what is the.uniform and established jurisprudence of this court in regard to the scope and object of the plea of no cause of action — that is to say, whether such a plea is such an admission of fact as to operate, between the parties, such a joinder of issues on the merits of the cause as to authorize the judge to try and decide the case finally, and without any other or further plea or answer oh the part of the defendant.
The correct rule is formulated in Conery vs. Waterworks, 39 An. 770, in the following words, viz.:
“ It is the province of the appellate court to review proceedings of the inferior court and to determine whether its rulings and decrees therein embraced are right or wrong, and not to deal with matters and issues distinctly presented by the pleadings, but not considered or decided by that court.” 19 La. 207; 9 R. 256; 7 An. 622; 10 An. 552; 11 An. 746; 15 An. 159.
“ We conclude therefore that it is proper to remand the case, that the all-important issue raised by the exception referred to, and not passed on by the court of first instance, may be there tried and determined.”
In Wood vs. Henderson, 2 An. 220, the court said:
“We are of opinion, therefore, that the petition for injunction did exhibit sufficient grounds for relief, and that the exception was properly overruled. But this did not justify the court below in proceeding further, and rendering, upon the exception, a final judgment in favor of the plaintiff in injunction. Upon the dismissal of the motion, or exception, the defendants in injunction are entitled to file an answer in the cause and put at issue the allegation of the plaintiff’s petition.”
In Eulalie vs. Long, 9 An. 11, it was held that an exception that the petition shows no ground of action admits the truth of all the *1444 allegations of the petition; but if the exception be overruled, the defendant will have leave to answer over.
In DeLaCroix vs. Gauns, 13 An. 177, the court, in treating of an exception of no cause of action, said:
“ The district judge, conceiving that the second exception was well taken, dismissed the suit, and the plaintiff has appealed.”
In this view this court concurred and remanded the cause to enable the defendant to answer, and “ for further proceedings according to law.” Vide Lea vs. Terry, 20 An. 428.
But perhaps there is no stronger or clearer case than that of Smith vs. Donnelly, 27 An. 97, in which the court put their opinion in these words, viz.:
“ But we are unable to dispose of the case and render a judgment in favor of the plaintiff as he asks us to do, because no issue has been joined on the demand for the homologation of the award of the amicable compounders, and because the case was not tried, and no evidence offered on the merits of the demand for judgment on the notes. We have no original jurisdiction of these demands.”
Keeping in mind the two recognized rules underlying the foregoing decisions, (1) that in case the plea of no cause of action is overruled the defendant is entitled to file an answer and offer evidence in his behalf, and (2) that while the plea admits, »£or the purposes of the trial and decision of same, that the allegations of the plaintiffs’ petition are true, yet when the same is overruled by the court it does not become seized oí jurisdiction of the merits until after answer filed or issue is joined. Consequently, if on appeal from a judgment sustaining a plea of no cause of action same is annulled and reversed, the appellate court can not deprive the defendant of his rights to answer and introduce evidence, nor can it acquire original jurisdiction of the merits.
And it is with due respect to the opinion of our learned brothers of the Circuit Court that we submit that their judgment has done both, if it is to be maintained.
In our opinion the question here presented is not one involving the correctness, regularity or integrity of respondents’ judgment as such', but their right to render any judgment on the merits of the cause for or against either party to the suit, in the condition of the cause then before them.
*1445 There is certainly to be found no support for the position of the respondents in Jennings vs. Vickers, 31 An. 679.
On reason and authority it seems evident that the proceedings in the respondent’s court are wholly void, and same should be annulled and avoided, and respondents should be directed to try the case anew in conformity with the provisions of the law.
It is therefore ordered, adjudged and decreed that the writ of certiorari be made absolute, and that the proceedings of the respondents be annulled and avoided, and that the respondents be commanded to try the case anew in accordance with the provisions of the law.
Rehearing refused.