*1086 The opinion of the court was delivered by
Watkins, J.
Relator prays for certiorari directed to the respondent, commanding him to send up a certified copy of the proceedings in the cause in his court, entitled James A. Manning vs. A. E. Simonton and A. A. McLane, sheriff, to the end that their legality may be ascertained.
The substance of the complaint of relator, plaintiff in said suit, is that defendant, Simonton, had obtained judgment on an ordinary debt against Martha Davis in the respondent’s court, on which execution had issued, and inter alios some corn had been seized, on which the relator claimed the privilege of lessor for the current year. That he filed an opposition and obtained an order of court, commanding the sheriff to hold the proceeds of the sale subject to the further order of the court, and caused citations to be made on the sheriff and the seizing creditor. At the trial exceptions to citations were tendered and sustained by the respondent, and the opposition dismissed, on the statement of the sheriff that he was a party to the suit and incapacitated to make the service on the seizing creditor. That the respondent then appointed a special constable, who made a new and additional service on the parties, and thereupon they again excepted that the special officer was incapacited to make service, as he had not subscribed the requisite oath nor given the necessary bond. That said special officer took the oath and subscribed the necessary bond, and again the opposition was reinstated and new service of citation made, whereupon the parties defendant made the point that it came too late, because the funds had been paid over, and there remained nothing in the sheriff’s hands subject to the order of the court. This exception was sustained by the respondent, and relator’s opposition was dismissed.
On these proceedings relator demands relief at our hands, on the ground that they are absolutely null and void.
To the respondent’s return is annexed a transcript of the proceedings in his court. They are in keeping with the statement in the petition, and appear to be perfectly regular in form.
The return shows that, prior to service being first made on the sheriff and seizing creditor, respondent invited the attention of relator’s counsel to the fact that both the coroner and sheriff were parties in interest, and requested his advice as to the manner in which service should be made, and that service was made as he sug *1087 gested, counsel agreeing to assume the risk of such a service being good.
It further shows that, as a matter of fact, the seizing creditor and sheriff testified as witnesses at the trial of the exceptions, and they had not been served with any notice at all, and had no knowledge of •the order of court requiring the sheriff to keep the proceeds of sale subject to the order of court.
It further states:
“ These facts having been established to respondent’s satisfaction, and believing that no valid judgment could be rendered without such service, he dismissed the action, the relator having made no effort to get service made upon the parties, and made no application for a continuance of the cause, in order to have service made. On the contrary, he contended, in his argument to the court, that a sufficient legal service had been made, and that the exception should be overruled, and that judgment should be rendered decreeing him to be paid by preference out of the proceeds of the sale of the property seized,” etc.
That subsequently the relator’s counsel requested the appointment of a special constable, and he made the appointment notwithstanding he entertained doubts of his authority to do so, and counsel again assumed the risk and responsibility of seeing that the appointee was properly qualified and gave bond. i
That when the second exception was tried the appointee testified as a witness that he had not qualified under the aforesaid appointment, and that relator’s counsel, in open court, admitted that the exception was well taken, and instructed the party to qualify.
That when the case came up for a third time proof was made that the proceeds of sale had been paid over to the seizing creditor. This fact was undenied by any one.
On this showing we feel justified in holding that the relator has no claim whatever to relief at our hands.
We entertained serious doubt of his claim to relief when granting the preliminary restraining order, and only made it as a precautionary measure, lest some wrong might have been done the relator.
Let the restraining order be set aside, and relator’s demand be rejected at his cost.