The opinion of the court was delivered by
Watkins, J.
Relator, as defendant in the suit of Hamilton & Brooks vs. J. S. Liggins, on appeal to the court of the respondents, complains that they dismissed his appeal on the ground that their court was without jurisdiction ratione materim; and his prayer is that our writ of mandamus compel respondents to reinstate his appeal, take jurisdiction thereof, and decide it upon its merits and according to law.
In his petition the statement of his claim to relief is that in the plaintiff’s petition in the aforesaid suit it is alleged that in 1882 one Arthur Kelly traded with them to the amount of ninety-seven dollars and seventeen cents and more, and that in the fall of that yeair he (Kelly) paid on the debt two bales of cotton. That relator (Liggins) caused them to lose the debt and damaged them thereby in the sum of one hundred and four dollars, and for that amount they brought suit against the relator, as well as for twenty-five dollars attorney’s fees, and prayed for judgment accordingly.
Relator further shows that on the trial of that cause the plaintiffs tendered evidence in support of their demands, to which he, by counsel, objected, on the ground that the District Court was without *1517 jurisdiction ratione materias; and said objection having been overruled and the testimony admitted, he retained a bill of exceptions— relator insisting that the matter in dispute, and therefore the test of jurisdiction, was the difference between the sum of ninety-nine dollars and seventeen cents and the value of the two bales of cotton, an amount less-than fifty dollars, the lower limit of the jurisdiction of the District Court.
That the evidence admitted over- his. objection showed that the original amount of Arthur Kelly’s account with Hamilton & Brooks was one hundred and sixty-eight dollars and seven cents, upon which sixty-eight dollars and ninety-five cents, as the price of the two bales of cotton, was credited, leaving a balance due of ninety-seven dollars and seventeen cents, and for which, with interest added, suit was brought.
That the District Court entertained this theory, and rendered judgment against him for seventy-seven dollars; and from that judgment relator appealed to the respondent’s court, entertaining the belief, as above stated, that the District Court was without jurisdiction, and that the evidence referred to was improperly admitted.
Relator further represents that respondent’s court, in substance, held that the amount in dispute was the difference between the amount ninety-nine dollars and seventeen cents and the value of the two bales of cotton received — sixty-eight dollars and ninety-five cents — which was thirty dollars and twenty-two cents; and that this sum was the true test of the jurisdiction of the District Court, and, necessarily, deprived them of jurisdiction ;■ and they consequently dismissed the appeal, without disposing Of the merits of the case in any way.
The return of the respondents has thereto annexed a copy of their opinion in the aforesaid cause, fully stating their reasons for having dismissed relator’s appeal as aforesaid, and therein is fully set out their grounds for denying relator relief by mandamus.
From the former we make the following extracts, viz.:
“The petition alleges that Arthur A. Kelly, a resident of the parish of Lincoln, purchased from the plaintiffs, during the year 1892, plantation supplies to the amount of ninety-nine dollars and seventeen cents, and that said Kelly paid on the account two bales of cotton. It is clear from these allegations that as between the plaintiffs and their debtor Kelly the amount claimed in the petition is the differ *1518 ence between ninety-nine dollars and seventeen cents, the amount of the account, and the value of the two bales of cotton paid by Kelly on the account.
“ The evidence, to which we were compelled to refer to ascertain the amount of the payment, discloses the fact that the two bales of cotton represented a credit on the account, of sixty dollars and ninety cents. This sum taken from the amount of the account, ninety-nine dollars and seventeen cents, leaves a balance of thirty-eight dollars and twenty-seven cents, as the matter in dispute between the plaintiffs and their debtor, Kelly.
“ The evidence, which we have examined alone upon the question of our own jurisdiction, discloses the further fact that the one hundred and four dollars and twelve cents, which the plaintiffs sued for as damages against the defendant, represent the account ninety-nine dollars and seventeen cents against Kelly, with interest added up to the time when the suit was brought
5*5 ífí ifs #i> ^ 'fc
“The difference between the amount of the account, which constitutes the basis of the suit, and the credit acknowledged in the petition, is the matter in dispute, and, under the law, is the test of jurisdiction.
“ The courts have repeatedly recognized this test, and the question is no longer an open one.”
For these reasons respondent dismissed the relator’s appeal.
A careful scrutiny of the foregoing shows that the respondents, in determining their own jurisdiction, examined only the allegations of the plaintiff’s petition, and that portion of the parol proof which appertained to the value of the two bales of cotton which was attrib - utable to the credit of the defendant, and that in so doing, they accepted relator’s theory, as appellant, and dismissed the appeal for want of appellate jurisdiction, declining to entertain and decide the issue raised as to the original jurisdiction of the District Court vet non.
In their return, the respondents reviewed and analyzed their opinion, and make it even more explicit by the following statement, viz.:
“ The evidence showed that the difference between the ninety-nine dollars and seventeen cents alleged as the original amount of the account in the body of the petition, and the one hundred and *1519 four dollars and twelve cents for which the judgment was prayed, was for interest, four dollars and ninety-five cents, computed up to the time the suit was brought, and which was added to the principal of the account, ninety-nine dollars and seventeen cents, in order to make the amount for which judgment was prayed, one hundred and four dollars and twelve cents. So,- the amount in dispute, exclusive of interest, four dollars and ninety-five cents, clearly seems to be the alleged principal of the account due by Liggins to Hamilton & Brooks, to-wit: ninety-nine dollars and seventeen cents, less the proceeds of the two bales of cotton which the petition in that case admits was paid on the account, and which, the evidence shows, amounted to sixty-eight dollars and ninety cents, leaving a balance of principal of the account, of thirty-eight dollars and twenty-seven cents, to which, if the demand for attorney’s fees, twenty-five dollars, should be added, the aggregate is fifty-five dollars and twenty-two cents, which is below the appellate jurisdiction of the Circuit Court.”
Aside from the foregoing statements of the petition of the relator, the return of respondents and the certified copy of the opinion of the Circuit Judges, we have nothing before us from which to obtain any information bearing upon the question at issue; and accepting same, as we must do, as our guide, the necessary result is that we must decline to interfere, as interference would be an invasion of the domain of res judicata.
The respondents were competent, and by the law charged with the duty of ascertaining the jurisdiction of their conrt, ratione materiee, in the premises; and by their judgment as well as by their return they show that they heard the cause on argument, and after its submission examined the record and all the evidence they deemed pertinent to enable them to decide that' question, and, ex proprio motu, dismissed the appeal for want of appellate jurisdiction in the Circuit Court.
This application invites the court to exercise its supervisory jurisdiction over the court of the respondents and command them to reinstate the suit of Hamilton & Brooks vs. J. S. Liggins on their docket, and try and decide same upon its merits, and this evidently we can not do.
The only reason that relator assigns is that in the case of State ex rel. J. S. Liggins vs. Judge Third Judicial District, No. 11,810, *1520 decided by this court in May last, 1895, ante., page 1022 — we declined to hold the judgment null, and decide that the respondent’s court was without original jurisdiction, because the principal of the sum demanded was less than fifty dollars, insisting that our judgment is exactly opposite in theory from that of the respondents, and should control. But relator’s error is in confounding the original jurisdiction of the District Court with the appellate jurisdiction of the Circuit Court — two altogether different things.
It is quite true that, in the course of our opinion, we took a different view from that of respondents, and said: “From the record and the respondent’s return it substantially appears that the plaintiff’s allegation to the effect that Kelly had dealt with them to the amount of ninety-nine dollars and seventeen cents and more was, by the relator as defendant, as well as his counsel, taken to be the full amount of Kelly’s original account, which the credit of the proceeds of the two bales of cotton reduced to a sum less than fifty dollars, the lower limit of (he original jurisdiction of the District Court. Constitution, Art. 109.
“ But such is not the case, as, in point of fact, the total amount of Kelly’s account with Hamilton & Brooks was one hundred' and sixty-eight dollars and twelve cents, and when the sum of sixty dollars and ninety cents, the proceeds of the two bales of cotton, were applied thereto as a credit, the net balance of ninety-nine dollars and seventeen cents was produced.”
Immediately afterward occurs this further statement of the opinion, explanatory of the foregoing, viz.:
“lb was proper for the District Judge to hear and consider evidence on the question, and to base his judgment thereon, as evidently he did. For, on the face of the petition, Hamilton & Brooks demanded of the relator, as defendant, a judgment for a sum in excess of one hundred dollars; and relator’s reliance was evidently upon proof to exhibit an inflation of plaintiff’s demands, for the purpose of maintaining the original jurisdiction of the District Court ratione materiee.”
But our opinion was grounded on evidence which was brought up in the transcript of the proceedings in the District Court, and which is as follows, viz. :
“In order to avoid copying evidence adduced in Hamilton & Brooks vs. J. S. Liggins, No. 900, on the docket of the Third District *1521 Court, Lincoln parish, and to save costs, the attorneys for the plaintiff, and the defendant judge, in the above suit agree that the evidence in the said suit No. 900 showed the following facts on the question of jurisdiction, viz.:
“ When plaintiffs Hamilton & Brooks began on the trial of suit No. 900 to offer evidence of the debt due, the said firm, by Arthur A. Kelly, counsel for defendant Liggins, interposed the following oojection to the same: (1) That the court is without jurisdiction to try this case; (2) that any evidence to show an indebtedness other than that alleged in plaintiff’s petition [is incompetent] ; and there is no allegation to support proof of any indebtedness other than ninety-nine dollars and seventeen cents, less a credit of two bales of cotton.
“These objections [having been] overruled, and the defendant, Liggins, [having excepted] to the ruling, the evidence showed that A. A. Kelly bought goods of Hamilton & Brooks during the year 1892; and that he sold said firm two bales of cotton in the fall of 1892, and the proceeds of same, amounting to sixty dollars and ninety cents, were credited on account of Kelly, leaving a balance of ninety-nine dollars and seventeen cents. That five per cent, interest on this balance from the time Kelly left until suit No. 900 was filed, made the amount one hundred and four dollars and twelve cents, for which Hamilton & Brooks prayed for judgment in suit No. 900.
“ It is agreed that this be filed as part of the transcript of the proceedings. Signed this 24th of April, 1895.
“Kidd & Vanhook,

“Attorneys for J. 8. Liggins.

“ Allen Barksdale,
“Judge Third District of Louisiana.”
We have that record before us now and have reproduced the entire agreement for the purpose of demonstrating how completely it supports the statement of our opinion; and upon that evidence we can safely affirm, the correctness of our judgment maintaining the original jurisdiction of the respondent District Judge.
We could not have done otherwise.
In that case, a petition for certiorari, we were not called upon to decide whether the judge was correct in admitting, on the trial in his court, that evidence — a question to be determined by the Circuit Court exercisi/ng appellate jurisdiction — but introduced into the record *1522 in this court for our consideration, as it was, it became our duty to consider it.
But neither that decision nor the evidence upon which it was founded has any pertinence to the question before us at this time.
Evidently that testimony was not before the respondents. It was not adverted to in their opinion. The transcript, as it existed in the case referred to, is reproduced here without addition or explanation. Hence it is still our guide, and it fails to show that said evidence was before the respondents when they dismissed the relator’s appeal.
And, in our opinion, we took notice of that fact, and say: “ Possibly (relator) lost his appeal in the Circuit Court, on account of the evidence not having been reduced to writing and incorporated in the record, for the examination of the judges of the Oourt of Appeals.”
But whether it was so incorporated in that record or not, is of no present concern of ours.
The respondents had the record before them; and, after having examined it with care, they reached the deliberate and conscientious conclusion, that their court possessed no appellate jurisdiction in the premises, and dismissed the suit, ex proprio motu.
They declined to examine and decide the case on its merits, and therefore did not review any of the rulings of the District Judge, and his judgment was altogether unaffected by it.
But they did hear and determine the case, and rendered a final judgment in it. They have acted judicially in the matter. The effect of their decree is to leave the judgment of the District Oourt in force; and that of our decree in the certiorari proceedings was to confirm it as a judgment that was jurisdictional.
Even if the evidence we have quoted be conceded to have been before the respondents at the time of their decision, it is wholly out of our power to decide and decree in a mandamus proceeding that their judgment was wrong, and annul it; much less has this court the power, in such a proceeding, to compel them to reinstate the case of Hamilton & Brooks vs. J. S. Liggins, and decide differently from their former decree.
In our view mandamus can not be resorted to for sueh purpose. We have so decided frequently.
In State ex rel. Beaucoudray vs. Judges, 41 An. 1013, this Ooujrt said: “The Judges of the Oourt of Appeals, having exercised a legal discretion, can not be compelled by mandamus to try the case *1523 differently from what they have.” State ex rel. Board of Administrators vs. Judge, 39 An. 665; State ex rel. Berthoud vs. Judge, 34 An. 782; State ex rel. Hearsey vs. Judge, 36 An. 981; State ex rel. Cupples vs. Judge, 34 An. 1016; State ex rel. Insurance Co. vs. Judges, 36 An. 316; State ex rel. Dupierrer vs. Judges, 35 An. 736; State ex rel. Halphen vs. Judges, 38 An. 97; State ex rel. Goodwin vs. Judges, 38 An. 270.
In the respondents’ return we note the following, viz.:
“ There is no suggestion in the record or minutes of evidence that the general exception was leveled at all the evidence in the case for want of jurisdiction ratione personse, on the ground that he (Liggins) was not domiciled in the parish where the suit was brought, as stated in the opinion of the Supreme Court in the certiorari proceedings in State ex rel. Liggins vs. Judge Third District,” etc.
Our learned brothers are under an erroneous impression. Our opinion does not state that either “ the record or minutes of evidence in the case (shows) that the general exception was leveled at the want of jurisdiction (of the court) ratione personse,” but it does state “ that the respondent returns that the relator appeared and filed an answer unaccompanied by any plea to the jurisdiction of the court; but when the plaintiffs offered evidence on the trial he interposed an objection to that effect, on the ground that he was not domiciled in the parish where the suit was brought.”
Referring to the return of the respondent judge, as it appears in the record, we find the following, viz.:
“Answer was filed and trial was begun without any plea to the jurisdiction having been filed; but when plaintiffs began to offer evidence, defendant Liggins’ counsel objected to any evidence being admitted, on the ground that the court was without jurisdiction to try the ease, as Liggins, the defendant, was domiciled in the parish of Lincoln, and judgment was prayed for, for an amount exceeding fifty dollars, exclusive of interest; on the face of the papers, this objection was overruled.”
The return is not different from the defendant’s exception, for it is “that the court is without jurisdiction to try this suit,” simply; and that expression is equally applicable to jurisdiction ratione personse, as ratione materise.
But the reference made in our opinion to the record and evidence “ shows that we predicated our judgment upon it as an exception ratione materise. ’ ’
*1524 However, this has no greater importance than the preservation of the faithfulness and integrity of our opinion in the former case.
After having examined this ease with deliberation and care, we have reached the conclusion that relator is not entitled to relief by mandamus.
It is therefore ordered and decreed that the demands of relator be rejected at his cost.