*1533 Application eor Writs on Certiorari and Prohibition.
The opinion of the court was delivered by
Miller, J.
The relator was sued before the fourth justice of the peace for the parish of Livingston, and pleaded his domicile in this parish. The plea was overruled, judgment was rendered againstthe defendant, and that judgment is sought to be reviewed here on the writ of certiorari.
It is claimed that the judgment for the amount claimed was rendered without previously fixing the plea of domicile and notifying the relator that the plea was overruled. Under the articles of the Code of Practice the defendant, cited to answer the demand, must make his defences, whether by exception or answer. The proceedings contemplated by the Code do not require the assignment for trial first the exceptions and then a trial on the merits. The record shows the court heard testimony on the merits and considered the exception. He decided against the defendant, and he was notified of the judgment. The proceedings show no irregularity, and our cognizance under the writ of certiorari is confined to the record and to a correction of proceedings. We find no such basis for the writ.
Again it is claimed substantially that the exception of domicile should have .been sustained. But the court had the jurisdiction to determine that question. The certiorari, we have had frequent occasion to hold, is not the substitute for an appeal. Constitution, Art. 90; State ex rel. Block vs. Judge, 41 An. 180; State ex rel. Matranga vs. Judge, 42 An. 1090; State ex rel. Railroad Company vs. Riley, Justice, 43 An. 177.
It is therefore ordered, adjudged and decreed that our previous order herein be set aside, and that this application be denied at relator’s cost.