State ex. rel. Guarneri vs. Judge.

No. 13,357.

State Ex Relatione Joseph Guarneri vs. Emile Rost, Judge
Twenty-First Judicial District Court, Parish of St. John the
Baptist.

## SYLLABUS.

1.  A district court has jurisdiction on an appeal to it from a judgment of a
justice of the peace to pass upon the nullity of the judgment appealed from
when the nullity is apparent on the face of the record where the subject
matter of the suit itself falls within the appellate jurisdiction of the dis-
trict court.   (C. P., 609.)

The mere correctness of the conclusions of that court as to the nullity of the
judgment can not be tested in the Supreme Court under its supervisory
powers and a writ of *certiorari*.   *Certiorari* is not a substitute for an appeal.
(State *ex rel.* Breckenridge Lumber Co. vs. Tully, 48th Ann., 1533, and
authorities cited.)

2.  Where, under a writ of *certiorari* it is sought to have a judgment of a dis-
trict court set aside for alleged nullities in the proceedings, there is reason
to believe that the minutes of that court as made up are incomplete or er-
roneous, the Supreme Court will suspend action until the parties shall, by
proper proceedings in the district court, have had opportunity to amend or
reform the minutes.

Where the minutes of the district court in the matter of an appeal to that court
from a judgment of a justice court in favor of a plaintiff, shows an affirm-
ance of the judgment below, but fails to show that any evidence was taken
on the trial of the cause, the judgment of the district court will be set aside
on *certiorari*.

A PPLICATION for Writs of *Certiorari* and Prohibition

*J. L. Gaudet* for Relator.

*Hiddleston Kenner* for Respondent Judge.

The opinion of the court was delivered by

Nicholls, C. J.   Relator's application is based upon the following·
allegations:

That relator took a suspensive appeal to the Twenty-First Judicial
District Court, in and for the Parish of St. John the Baptist, from a
judgment, for the sum of sixty-four 20-100 dollars, rendered against
him by the justice of the peace of the Fourth Ward of said parish, in
a suit wherein the Barry & Denis Co., Limited, is plaintiff, and

relator, the defendant (No. 12 of the Appeal Docket of the said District Court); that on appeal, before the District Court, relator filed an assignment of errors averring that the justice of the peace had rendered judgment, in the said suit, against relator, without previously fixing the case for trial, as required by the provisions of Articles 1084-1085 of the Code of Practice; that no legal citation had been issued by said justice of the peace, and the judgment rendered by him was a nullity; that this assignment of errors, having been tried before the judge of the said District Court on the 10th day of November, 1899, was by him taken under advisement, and on the 22nd day of November, 1899, he rendered judgment thereon, dismissing said assignment of errors, and affirming the judgment of said justice of the peace, without allowing relator an opportunity to be heard by evidence, or otherwise, on the merits of the case and against the protests of relator's counsel; that it was made apparent to the judge of the District Court, by the record of appeal in the said case, that a summons was issued to relator and served on his wife on the 9th day of October, 1899, to appear before the said justice of the peace, within ten days, to answer the demand of the plaintiff, and judgment was rendered thereon, on the 20th day of October, without said case having been fixed for trial and prior to the expiration of the delay fixed by law within which relator could have filed his answer, as the whole would more fully appear by the transcript of appeal filed before the District Court in said suit.

And relator further averred that the said justice of the peace was incompetent to render any judgment in the said cause:

1st. Because no citation, such as the law requires, had been issued by him (C. P., 1077);

2nd. Because no answer was filed, and he should have fixed a day and hour for the hearing of said cause (C. P., 1084-1085; 35th Ann., 1101);

3rd. Because neither the legal delays, nor the time required by law, had expired when he rendered judgment (C. P., 318; 30th Ann., 677); that the district judge was not vested with jurisdiction on appeal from a judgment absolutely null and void on the face of the record, and the further action of the district judge, in proceeding to render judgment on the merits of the case, without hearing any evidence, was an arbitrary abuse of jurisdiction, leaving relator no alternative but the present application for relief.

In view of the premises, relator prays that a writ of *certiorari* issue, directed to the judge of the Twenty-First Judicial District, in and for the Parish of St. John the Baptist, commanding him to send to this court a certified copy of the transcript of appeal in the suit entitled Berry & Denis Co., Lim., vs. Joseph Guarneri, as well as of all the proceedings before him in said suit, to the end that their validity might be ascertained; that, after due proceedings, the judgment rendered by the District Court be annulled and set aside, and said cause remanded to be proceeded with according to law; that a writ of prohibition issue to the said judge forbidding him from proceeding any further in the said cause; that said writs of *certiorari* and prohibition be made peremptory, and your relator finally prays for such further orders and decrees in the premises as the nature of the case may require, and for general, legal and equitable relief.

The district judge sent up the record called for, and for answer to the writ of prohibition and *certiorari* directed to him, says:

"That on the 31st day of October, a transcript of appeal, from the Fourth Ward, Parish of St. John, in the suit entitled the Berry & Denis Co., Limited, vs. Joseph Guarneri, was filed in his court, and became No. 12 of the Appeal Docket of respondent's court; that on the 6th day of November, that being the first day of the session, and in accordance with the rules of the court, the said case on appeal was fixed for trial on the 10th day of November, on its merits, there being at that time no exceptions or assignment of error in the transcript of appeal; that on the said 10th day of November, the said case was taken up without objection, but, just before going to trial, the defendant and appellant filed an assignment of errors, as will appear in the certified copy of the proceedings; after hearing argument on the errors assigned, and the case being submitted, the same was taken under advisement, and on the 22nd day of November respondent rendered his decision, overruling the assignment of errors, and the evidence in the transcript, as offered in the justice's court, and submitted to the court on appeal, namely, the sworn account, being sufficient to establish the plaintiff's and appellant's claim, and as the defendant and appellant offered no evidence in support of any defense on appeal, the judgment of the justice court was, necessarily, affirmed.

In overruling the assignment of errors respondent considered that, under the ruling of the Supreme Court in the case of D'Amico & Sidotti vs. Judge, 46th Ann., 365, no previous entry of default was

necessary in the courts of the justice of the peace; and that on the expiration of the delays for answering, plaintiff would have a right to prove up his case and ask for judgment. It is the duty of the court, if defendant fails to appear, to receive the proofs of plaintiff's demand and decide the case (46 Ann., 365). This was exactly what was done in the instant case, as will appear by the proceedings. That respondent considered, further, that the contention of the defendant and appellant, that the case should have been fixed for a trial notwithstanding the non-appearance of the defendant, was without force, as there was no provision in the Code of Practice requiring such fixing, and that all the articles quoted, as well as the cases referred to, were suits wherein an appearance was made, and that it would be contrary to all rules and customs of courts to fix a case for trial wherein no issue has been joined.

"The second ground alleged by plaintiff for annulment of respondent's judgment, namely, that respondent proceeded after overruling the assignment of errors to render judgment on the merits, without hearing any evidence, is not well founded. The case was fixed for trial, on the merits, before the assignment of errors was filed, and was taken up and tried, and submitted without any reservation or agreement whereby the court would be informed that the assignment of errors would be alone considered. There is no provision in the Code of Practice, or the rules of the court, allowing, first, a trial on the assignment of errors, and then on the merits, should the former be overruled. Without some special agreement an assignment of errors, filed on the same day and during the trial of an appeal, surely can not be considered separately and apart from the merits. In the absence of errors and evidence, shown by the appellant, it is a well established principle that the judgment appealed from must be affirmed, as the lower court must be presumed to have acted on proper evidnece.

"Respondent considered, under Article 1082, C. P., as amended by Act 16 of 1894, the defendant and appellant was required to appear and answer to the plaintiff's demands within ten days, not *after* ten days, and that in the instant case the citation having been served on the 9th of October, the ten days for answering expired on the 19th, and a judgment taken on the 10th was not premature, and was legal. That Article 318 of the Code of Practice, quoted by appellant, referred to citations in the District Courts, and not to those in courts of justices of the peace."

OPINION.

A District Court has jurisdiction on an appeal to it from a judgment of a justice of the peace to pass upon the nullity of the judgment appealed from when the nullity is apparent on the face of the record, where the subject matter of the suit itself falls within the appellate jurisdiction of the District Court (C. P., 609).

The mere correctness of the conclusions of that court as to the nullity of the judgment can not be tested in the Supreme Court under its supervisory powers, and a writ of *certiorari* is not a substitute for an appeal. (State *ex rel.* Brackenridge Lumber Co. vs. Tully, 48th Ann., 1533, and authorities quoted).

The minutes of the District Court, of the 6th of November, 1898, show that this case was, on that day, on motion of counsel of plaintiff and appellee, fixed for trial for Friday, the 10th of November.

On the 10th of November, defendant filed an assignment of errors, to the effect that it was patent on the face of the record that the justice of the peace, who tried said case, had failed to notify the defendant of the day fixed for its trial, as required by law (C. P., 1084-1085).

That no citation, such as the law required, had been issued or served on defendant, and, therefore, the judgment was a nullity, and the same should be so decreed. In the minutes of November 10th, we find the following entry opposite the title of this cause:

"This case was this day called and taken up as per assignment. Present Messrs. J. L. Gaudet, of counsel, for the defendant and appellant, and H. Kenner, of counsel, for the plaintiff and appellee. Counsel for the defendant having filed an assignment of error, the same was argued on both sides and submitted, and the court took the same under advisement.

The minutes of the 22nd of November, 1899, contain the following entry:

THE BERRY & DENIS CO., LIM.,    :

       vs.    :

   JOSEPH GUARNERI.    :

On the assignment of errors filed in this case, and which had been taken under advisement on the 10th inst., the court this day rendered judgment, the decretal part whereof is as follows: "It is ordered,

adjudged and decreed, that the assignment of errors filed herein, be annulled and set aside, and it is further ordered that the judgment herein rendered by the Fourth Justice Court of the Parish of St. John the Baptist, be affirmed, and that the Berry & Denis Company, Limited, appellee, recover from the defendant, Joseph Guarneri, the sum of sixty-four 20-100 dollars, with interest, at five per cent. *per annum* from October 9th, 1899, and all costs."

The judgment here referred to is in the transcript, under the heading (whether made in the transcript by the clerk, or in the judgment, does not appear) :

"Order of court on assignment of errors," and reads as follows: Order: "The within assignment of errors having been submitted after argument, and for reasons orally assigned in open court, the law and the evidence being against the mover and in favor of plaintiff and appellee; it is hereby ordered, adjudged and decreed that the assignment of error be overruled and set aside, and it is further decreed that the judgment herein rendered by the Fourth Justice's Court, of the Parish of St. John the Baptist, be affirmed, and that the Berry & Denis Co., Limited, recover from the defendant, Joseph Guarneri, sixty-four 20-100 dollars, with interest, at five per cent., from October 9, 1899, and all costs.

"Judgment rendered, read and signed in open court. Parish of St. John the Baptist, November 22, 1899.

"(Signed)  ·  EMILE ROST,
*"Judge."*

In State *ex rel.* Brackenridge Lumber Co. vs. J. T. Tully, Justice of the Peace, 48th Ann., 1533, the court, referring to proceedings before justices of the peace, said: "The proceedings contemplated by the Code do not require the assignment for trial, first, the exceptions, and then a trial on the merits. The record shows the court heard testimony on the merits, and considered the exception. He decided against the defendant, and he was notified of the judgment." This court declined to interfere in the premises.

The District Court had the right, as did the justice of the peace, to take up and dispose, at one and the same time, of the matters involved in the assignment of errors, and of the merits of the controversy, after evidence had been adduced, and the case had been closed and submitted. The question here is: Did it do so? The minute

entries show that the case had been fixed for the 10th of November; that on that day it was "called" and "taken up pursuant to assignment," but they do not show that any evidence was adduced, nor that the cause was submitted on the papers filed.

On the contrary, so far as the minutes would indicate the situation, the court, after the case was called and taken up and argument upon the matters involved in the assignment of errors had been heard, itself severed consideration of the same from the case itself, before hearing evidence, and held it separately under advisement.

The phraseology of the minutes of the 22nd of November, and also the heading and form of the judgment itself, convey the same impression.

The district judge in forwarding a copy of the record to this court, accompanied it by a sworn return or statement, in which he informs us that in point of fact the whole case was submitted to him at one time, and he had disposed of the whole of it at one time.

If this was so, it does not affirmatively appear upon the face of the record, and the record itself controls our conclusions as to matters which should appear upon the same. We are exceedingly reluctant to test and dispose of substantial rights of parties upon what may result simply from the ignorance or carelessness of clerks of courts.

We have the right and authority in proper cases, where there is reason to believe that the minutes are incomplete or incorrect, to postpone action until the parties in interest should have had an opportunity, if wrong, to correct them, and to make them conform to the actual facts by proceedings contradictorily taken in the trial court (Harris on *Certiorari*, Section 11).

Relator states under oath that, as a fact, the district judge has rendered judgment without allowing him an opportunity to be heard, by evidence, or otherwise, on the merits of the case, and against the protest of his counsel.

Article 861, of the Code of Practice, directs that the inferior judge, to whom the mandate (or *certiorari*) is directed, "shall immediately send to the superior court a certified copy of the record called for." Articles 864 and 865 declare that: "If, upon examining the certified record thus sent, it shall appear to the court issuing the mandate that the proceedings are null, and have not been sanctioned by the party complaining of them, it shall avoid the proceeding and direct the inferior judge to try the cause anew in conformity with the provisions of law."

State ex rel. Guarneri vs. Judge.

"If the court which issued the mandate finds that the proceedings have been regular, or that the party has waived his objection to them, it shall dissolve the order which it had issued, and shall condemn the party who had applied for the mandate to pay the whole costs."

These articles seem to open the door under some contingencies to reference by the judge in a return to matters *en pais* and *dehors* the record proper, but we need not discuss nor dispose of that question now.

We think the proper course to pursue in this particular matter is to hold matters in abeyance, for the time being, and to authorize and direct the District Court to have the parties notified, and to direct them, within a time to be fixed by it, to have contradictorily with each other the minutes of the proceedings in this case in the District Court modified or corrected, and made to conform to the actual facts, should they be wrong or incomplete (Harris on *Certiorari,* Section 11), and for this court to further direct the District court to forward to it a certified copy of what action may have been taken in the premises, within ten days from the time fixed by it for the correction or modification of the minutes, and it is now so ordered, and that a copy of this order be made and sent down to the District Court for action.

## STATEMENT OF FACTS.

This cause having been suspended in order to enable the court and the parties to have the minutes of court amended, if insufficient or incorrect, no direct action was taken by them to that effect, but counsel of plaintiff, and of the defendant, together with the district judge, made out and forwarded to us the following statement of facts:

"First.—The minutes of the proceedings in the District Court, as contained in the certified record sent up to the Honorable the Supreme Court, are correct.

"Secondly.—The appeal of the defendant, Guarneri, was regularly fixed for trial on the merits, and the case was regularly taken up on the 10th of November, 1899. After the case was called, counsel for appellant filed an assignment of errors apparent on the face of the papers; argument was heard on same, and same was taken under advisement.

"Thirdly.—At the time of trial, no evidence was offered by either party on the merits. There being no pleadings whatever of any kind in the case, the court considered the assignment in the nature of an answer, and assumed that the case having been called must be decided in its entirety even though not expressly submitted on the merits, and taking this view, this court, after overruling the assignment of errors, proceeded to affirm the judgment of the lower court.

"Fourthly.—This judgment was rendered in open court, some eight or ten days after the trial of the case. Counsel for applicant being present in court, made no motion for a new trial, but at once notified the court of his intention to apply to the Honorable the Supreme Court for a writ of prohibition on the ground that this court had rendered judgment on the merits of the case."

It having been shown that judgment was rendered in the cause without the hearing of evidence, we have no alternative but to set aside the same and reinstate the case upon the docket in the situation it was just after the overruling of the assignment of errors.

For the reasons assigned, it is hereby ordered, adjudged and decreed that the judgment rendered by the Twenty-First Judicial District Court, for the Parish of St. John the Baptist, in the matter of The Berry & Denis Company, Limited, vs. Joseph Guarneri, No. 12, Appeal Docket, be and the same is hereby set aside as having been improvidently rendered, and the said cause is reinstated on the docket of that court, in the situation it was, just after the overruling of the assignment of errors filed in the same.

Costs of this proceeding to be borne by the plaintiffs in that action.