LAND, J.
It appears from the record that W. S. Hunter was arrested, tried, and convicted in the mayor’s court of the town of Minden in four cases, on complaint of A. H. Phillips, town marshal, in the form of affidavits signed by said Phillips; but not sworn to before the mayor.
Warrants were issued by the mayor, and they refer to charges “as per affidavit of complaint on file.”
Hunter was charged with selling intoxicating liquors, and soliciting, receiving, and taking orders for the sale of intoxicating liquors, and making delivery of intoxicating liquors, contrary to the town ordinances. Hunter appeared by counsel in the mayor’s court, and moved to quash the affidavit and warrant in each case, on the ground that he was charged with three distinct and specific offenses requiring different and separate evidence and in no way connected with each other.
The defendant prayed in the alternative that the town of Minden be required to elect on which of said charges it would prosecute. This motion was overruled, and thereupon the defendant waived arraignment and pleaded not guilty. Defendant was tried, convicted, and sentenced on December 18, 1905, and appealed to the district court.
On April 9, 1906, the cases were called for trial in the district court, both parties announcing ready.
Defendant’s counsel objected to any evidence being adduced, for the reason that no-affidavits had been filed on which to base the prosecutions.
This objection was sustained, the appeal dismissed, and the judgment of conviction decreed to be absolutely null. The defendant was discharged, and his bonds canceled.
On the next day the town of Minden tendered a bill of exception, which was objected to, on the ground that it came too late; no bill having been reserved at the time of the ruling.
This bill was signed and filed. The town then filed a motion for a new trial, which was overruled, and thereupon the plaintiff excepted, and reversed a bill of exceptions,, which was allowed and filed.
On April 26, 1906, the town of Minden filed the present application in this court.
The judgment of the district court became-final on April 10, 1906, when the motion fora new trial was overruled, and the defendant discharged, and his bonds canceled.
We have no appellate jurisdiction of a case-of this kind.
Article 3 of the Constitution provides that persons sentenced to a fine or imprisonment by mayors or recorders, shall be entitled to-an appeal to the district court of the parish, upon giving security for fine and costs of court, and in such cases trial shall be denovo, and without juries.
The district court, therefore, had jurisdiction. The district judge did not réfuse to-try the case, but during a regular trial,, heard and decided an objection to the admissibility of evidence.
The most that can be said is that the district judge, in the exercise of his jurisdiction, committed an error of law in the ruling complained of.
Such an alleged error furnishes no basis-for the writs prayed for, but, the relator appeals to the supervisory jurisdiction of *297 this court under article 94 of the Constitution of 1898, which reads as follows:
“The Supreme Court shall have control and supervision over all inferior courts. The court ■or any justice thereof, shall have power to issue writs of certiorari, prohibition, mandamus, quo warranto, and other remedial writs.”
In State ex rel. Patton v. Judge, 40 La. Ann. 393, 4 South. 50, 8 Am. St. Rep. 532, this court said:
“Mere error in the decisions of questions properly submitted to their determination and regularly _ determined, can only be corrected in the exercise of a jurisdiction purely appellate”— •citing State ex rel. Wintz, 32 La. Ann. 1222.
In State ex rel. Broussard v. Justice, 42 La. Ann. 1190, 8 South. 441, it was said.:
“This court, in the exercise of its supervisory jurisdiction will not, when the inferior court has jurisdiction of the suit, and the proceedings were regular, go behind them and review the judgment rendered by the inferior tribunal.”
In State ex rel. Rocchi v. Judge, 45 La. Ann. 536, 12 South. 941, the court held that the object of our supervisory jurisdiction “is not to amend, reverse, or affirm the judgment attacked, but to pronounce it ab origine null, void, and of no effect.”
It may be stated, however, that this court will also exercise its supervisory jurisdiction in cases where a party has been denied some plain legal right, or condemned without a hearing or a judgment has been rendered without any evidence whatever, or where there has been a downright denial of justice. State ex rel. Negrotto v. Judge, 45 La. Ann. 1437, 14 South. 419; State ex rel. Waller v. Justice, 47 La. Ann. 27, 16 South. 565; State ex rel. Hohn v. Recorder, 50 La. Ann. 549, 23 South. 621; State ex rel. Vincent v. Graffina, 52 La. Ann. 694, 27 South. 564.
In State ex rel. Lumber Co. v. Justice, 48 La. Ann. 1532, 21 South. 119, this court said:
“The proceedings show no irregularity, and our cognizance under the writ of certiorari is confined to the record and to a correction of the proceedings. * * * The certiorari, we have had frequent occasion to hold, is not the substitute for an appeal.”
See, also, State ex rel., etc., v. Judge, 47 La. Ann. 1085, 17 South. 590.
In State ex rel. Guarneri v. Judge, 52 La. Ann. 984, 27 South. 365, it was held that the mere correctness of the conclusions of the district judge as to the nullity of a judgment rendered by' a justice of the peace could not be tested in the Supreme Court under its supervisory powers.
The same doctrine has been applied to a judgment of a Court of Appeal. 47 La. Ann. 1516, 18 South. 510.
In State ex rel. Green v. Judge, 104 La. 538, 29 South. 273, this court held that it would not under its supervisory powers review in a criminal case the correctness of the conclusions of the judge as to the admissibility, force, and effect of evidence; and inter alia said:
“Misapplication of law to any given state of facts is not excess of jurisdiction, but error.”
The question whether the defendant could be prosecuted on an affidavit without a jurat was one of law for the judge to determine, and is no more reviewable by this court than the question of the sufficiency of an indictment or information in a misdemeanor case.
It is therefore ordered that the provisional writs herein issued be recalled, and that this application be dismissed at the cost of relator.