## No. 4511.

### MARIA J. DUPRE, Tutrix, v. THOMAS F. SWAFFORD and al.

An injunction will not be set aside for irregularities when it appears from the face of the papers that another would be issued.

Where it was pleaded that an injunction ought to be dissolved, because the party applying for it as tutrix set forth in her petition grounds which could have been urged in the defense to a petitory action against her individuality;

Held—That the plea is not valid. On the plea that a tutrix can not authorize another person to bind the minors on an injunction bond:

Held—That it is the duty of a tutrix to protect the rights of her wards, and if, in the accomplishment of that duty, it becomes necessary to execute a judicial bond, she has the right to do so.

APPEAL from the Ninth Judicial District Court, parish of Grant. *Orsborn*, J. *W. L. Richardson* and *A. Cazabat*, for plaintiff and appellant. *R. J. Bowman*, for defendants and appellees.

Justices concurring: Ludeling, Howell, Morgan.

LUDELING, C. J. The defendant, Swafford, having obtained a judgment against Maria J. Dupré in her individual capacity, was proceeding to have the property in controversy placed in his possession, when the plaintiff, as tutrix of her minor children, injoined the sheriff. The defendants filed a motion to dissolve the injunction on the following grounds: That the said Maria J. Dupré is not tutrix; if she is at present, she was not at the time the injunction was sued out; that the grounds set forth in her petition of injunction could have been urged in the defense to the petitory action against Maria J. Dupré, and can not now be made the grounds for an injunction; that a tutrix can not authorize another to bind the minors on an injunction bond.

To the first objection, it is a sufficient answer to state that an injunction will not be set aside for irregularities, when it appears from the face of the papers that another would be issued. To the second objection the answer is, that Maria J. Dupré, tutrix, was not a party to the petitory action between Swafford and M. J. Dupré, individually. To the third objection it is sufficient to say that it is the duty of the tutrix to protect the rights of her wards, and if to do that it becomes necessary to execute a judicial bond, she has the right to do so. This is too clear to require further notice.

It is therefore ordered and adjudged, that the judgment of the lower court be set aside, and that the case be remanded to be proceeded with according to law.