## No. 1,338.

### A. A. PECOT ET AL. VS. POLICE JURY, PARISH OF ST. MARY.

1. The provisions of the Constitution, like those of a legislative enactment, operate prospectively and not retrospectively.
2. The provisions of Article 46 of the Constitution, prohibiting the General Assembly from enacting any local or special law, upon certain, special subjects, cannot have given to it the retrospective effect of repealing, by implication, a prior special statute, though it come within the terms of this constitutional inhibition, same being prospective only.
3. Act 103 of 1878 held to be constitutional, but not to confer on the police jury of the parish of St. Mary the right to *expropriate* private property, at the expense of said parish, but only authorizing it to condemn riparious estates to *public use* for the purpose of opening a public highway on the bank of a navigable stream, within its limits.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Allen*, J.

*D. Caffery* and *Sigur & Wilson* for Plaintiffs and Appellants.

*Walter J. Suthon* and *Foster & Mentz* for Defendant and Appellee:

1. Where a statute provides that the police jury of a parish shall lay out and open a public road, and prescribes no time within which the said road shall be laid out, and leaves it entirely to the police jury to provide ways and means for defraying the expense of the work, it simply confers a discretionary power, and does not impose a ministerial duty.
2. Whenever a discretionary power is confided to a political or a public corporation, the courts of the State cannot compel the corporation to use this power. The courts can only require the corporation to act, but cannot control them in their discretion as to how they shall act. Dillon, Mun. Corp., vol. 2, p. 764; High on Ext. Leg. Remedies, p. 256, sec. 325, 2 La. Rep. 395; 2 Ann. 542; 29 Ann. 147; 39 Ann. 760.
3. Where an act of the General Assembly provides that a public road shall be laid out by a police jury from one end of the parish to the other, a citizen of one locality on the line of the projected road cannot demand the partial execution of such a law, and only to the extent of benefiting himself or his immediate locality.
4. An act of the Legislature of 1873, which requires that the police jury of a particular parish shall lay out and open a public road, remaining inoperative and unexecuted until 1889, is inconsistent with and repealed by Articles 46 and 258 of the Constitution of 1879; and when said act is sought to be enforced after the adoption of that Constitution, it is clearly in conflict with the provisions of that instrument. 35 Ann. 537.
5. The Legislature of this State has no power against the will of a political corporation such as a police jury, to compel it to contract debts for local purposes. The State, in such case,

may remove restrictions and permit action; but it cannot compel it. Cooley on Const. Limitations, pp. 285, 286, 289.

6. Where political corporations, such as a police jury, are required under the law to defray certain expenses of the State, and all the expenses of local government, and the Constitution limits them in the rate of taxation, the Legislature has not the power to superadd to their additional duties which would require for their fulfillment the exercise of an additional taxing power on the part of such corporations.

7. The Legislature is without power to impose on the police juries duties which they cannot perform.

8. No private individual has the capacity or the authority to demand the enforcement of a purely public statute. When the question is one of public rights and the people are the real parties, no one citizen, nor any number of citizens, of a particular locality can assume to represent the people. High, Extr. Legal Rem., sec.

9. Where a plaintiff seeks to compel the police jury to make a large disbursement of public funds without alleging that the police jury has on hand funds to meet the outlay or without alleging that the police jury included said outlay in its annual budget of expenses, it shows no cause of action.

---

The opinion of the Court was delivered by

WATKINS, J. The plaintiffs alleging themselves to be residents and landed proprietors, living in the first ward of the Parish of St. Mary, bring suit against the police jury of the parish, to compel it to make and open a public road on the east side of the Teche, from Charenton to the upper limits of the parish, 40 feet in width, and according to the provisions of Act No. 103 of the Acts of the Legislature of 1873, and Sections 3368-9-70-71 and 72 R. S., so far as applicable.

It is alleged that the road asked for is of great public necessity, is especially valuable to petitioners, who had, with a number of other residents of their ward, petitioned the police jury, to open the road. They say that the Teche is a navigable stream, running through alluvial lands, and *that the proprietors along its banks owe a servitude of way to the public*, and that the road is of great necessity as a means of communicating with themselves, with the outside world, and is especially useful to connect with roads in the Parish of Iberia. They allege as jurisdictional facts, that the road is worth to them upwards of $2500, and that the land to be *occupied* by it, is worth the sum of $2100.

The police jury filed the following exceptions:

1. That plaintiffs have no authority to prosecute this suit, and no capacity to stand in judgment.

2. Plaintiffs have mistaken their remedy, if any they have.

3. That no jury can be had to try a case of this kind.

4. That Act 103 of 1873 is null and void, and is inconsistent with and repealed by articles 46 and 258 of the Constitution of 1879.

5. That Act 103 of 1873 is unconstitutional, null and void, for the

reason that the General Assembly of the State of Louisiana, had no power or authority to enact such a law, and exceeded its powers and duties when it enacted the same. That the Legislature cannot order the police jury of the parish of St. Mary to lay out and open a public road on the east side of the Bayou Teche *and to expropriate private property* unless for public good and for public necessity; that the Legislature had no power or authority to order the police jury to lay out and open a public road without furnishing the means for the same; that the Legislature had no power or authority to order the police jury to incur a debt and thus burden the people with additional taxation.

6. Admitting the constitutionality of the Act 103 of 1873, then plaintiffs are not authorized to invoke, or to ask for the *partial* execution or operation of said act.

7. Plaintiffs' petition discloses no cause of action.

From a judgment of the district court sustaining in part these exceptions and dismissing the suit, plaintiffs have appealed.

In this court there has been neither answer nor assignment of errors filed, but there has been filed a motion to dismiss, on the ground that we have no jurisdiction *ratione materiæ*.

## I.

The petition alleges " that the value to the *public* of said road is not calculable in money, but that to the petitioners it is worth upwards of $2500, and that the *land to be occupied by it*, giving the road a width of forty feet, is worth the sum of $2100."

These averments, coupled with the general statement epitomized from plaintiffs' petition, clearly make out a case for our jurisdiction.

In addition to these moneyed jurisdictional facts, the character of the relief asked, and the great public interest involved in the question, would strongly reinforce them, and favor the exercise of our authority in the premises.

We think the principles involved in this case are analagous to those announced by us in Handy vs. New Orleans, 39 Ann. 107.

The plea to our jurisdiction is, therefore, overruled.

## II.

The district judge prepared his views at length, and filed them in the record, from which it appears he entertained the opinion that Act 103 of 1873, under which this suit is brought, is unconstitutional and void, because it is in conflict with Article 46 of the Constitution of 1879. He uses this expression, viz:

"Though it may have been constitutional at the time of its passage, though the Legislature may have *then* had the power to order the police jury to make this improvement, the act, nevertheless, remained inoperative and unobeyed, and the Constitution of 1879 intervening with its command that the Legislature can pass no laws on this subject matter, and declaring that those already passed, which are inconsistent therewith are repealed, prohibits all future action under this statute. It repealed and strikes with nullity the Act of 1873, and the question of the necessity of this public road rests, now, with the police jury, where it rightfully belonged at the time of the passage of that Act." In support of his view on this subject he cites and relies upon our opinion in 35 Ann. 537, State ex rel. Gras vs. Auditor.

He virtually sustains the defendant's fourth and fifth grounds of exception, and for that reason dismisses plaintiffs' suit.

These are the only ones of any serious import, or involving serious discussion; for, if the Act of 1873, is unconstitutional, there is an end of the controversy, and if it is constitutional, plaintiffs' petition propounds a cause of action; and, it would seem to be manifest, that if plaintiffs have a remedy by way of *mandamus*, they have one by an ordinary action like this. We fail to see why a jury cannot try this case; plaintiffs have demanded a trial by jury, and, if objection is urged at all, it must, of necessity, be urged by defendant,—and such action would be at variance with its theory.

### III.

Act 103 of 1873, is a special, or local law, it is true, but no argument is made, nor contention either, that the Legislature of that period had not the constitutional power to pass it, at the date of its enactment, on June 3d, 1873; and we do not appreciate the contention that same became unconstitutional by the adoption of the Constitution of 1879. Constitutional provisions, like legislative enactments, must operate *prospectively*, and not *retrospectively*.

The provisions of Article 46 of the Constitution, in terms refer to the *future* action of the General Assembly. It says:

"The General Assembly shall not pass any local or special law," etc. This language was certainly intended to apply to the laws which might be *thereafter* enacted, and not to those already in existence.

We do not regard the Act of 1873 as being *inconsistent* with the provisions of Article 46, in the sense of Article 258 of the Constitution. Such an interpretation would give a retrospective effect to that instrument. Giving effect to that act, we think the Legislature had the un-

doubted right to enact the law. To hold otherwise would be to hold that the creature is more powerful than its creator; or to say that the Legislature which conferred certain powers on the police juries of the entire State could not amend or alter those applicable to *one*, without altering or abolishing the entire scheme.

The statute simply says, "that it shall be the duty of the police jury * * to locate, make, and open for travel, a new public road." It does not contemplate the *expropriation* of private property and payment for an expensive public highway; but merely the condemnation of the front lands of the riparian proprietors on a navigable watercourse, to a public use and public servitude, and at the *proper* expense of the parish. This is only an enabling law, and strictly within the competency of the Legislature.

A public road is declared by the Code to be a public servitude, and the public has a right of way on the banks of navigable streams of this State. R. C. C. 665. Heirs of Leonard vs. City of Baton Rouge, 39 Ann. 278.

The judgment appealed from is erroneous. It is, therefore, ordered and decreed that the judgment appealed from be reversed, and that the cause be remanded for further proceedings according to law and the views herein expressed, and that the defendant and appellee pay cost of appeal, those in the lower court to await final judgment therein.

## ON APPLICATION FOR REHEARING.

FENNER, J. This application assigns to our decision in this case a much broader meaning and effect than it involves under a proper construction of its terms.

We have simply reversed the judgment maintaining exceptions going to the entire dismissal of action, and have remanded the case to be proproceeded with according to law.

This does not mean a determination that the Act 103 of 1873 is constitutional in *all* its provisions, or that the plaintiffs are entitled to the *whole relief* asked by them.

The petition alleges "that the Teche is a navigable stream bordered by alluvial lands, and its banks and shores owe a servitude to the public for roads and levees," and that "the proprietors on the east side of the bayou along its whole course in the parish of St. Mary fence up and close at will roads and pathways over which the public have travelled."

This suggests a particular right and a particular relief to which plaintiffs may be entitled under the Act, and which would certainly not en-

counter the grave consequences suggested in counsel's brief, nor any constitutional objection.

As to such acts it is held that they must be executed in so far as they do not violate constitutional rights and restrained in so far as they do. *In re* Douglas, 41 Ann.

We have simply remanded the case to be tried on the merits, and after decision thereon, if appealed to, we will determine the extent to which the act is valid and the measure of the relief to which plaintiffs are entitled.

Rehearing refused.