(96 South. 20)

No. 24587.

VICKSBURG, S. & P. RY. CO. v. BRADLEY et al.

(April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. Injunction ☞135—No discretion to refuse injunction when petition shows disturbance of possession of land.

Under Code Prac. art. 298, par. 5, when petition shows disturbance of actual and real possession of land, plaintiff is entitled to injunction on face of petition on furnishing required bond, and the judge has no discretion in the matter.

2. Appeal and error ☞73(2)—No appeal from interlocutory order granting injunction not causing irreparable injury.

No appeal lies from interlocutory order granting preliminary injunction when not causing irreparable injury.

3. Appeal and error ☞458(3)—Suspensive appeal not proper method of dissolving injunction.

It was improper to dissolve injunction on bond indirectly by granting so-called suspensive appeal from order granting the injunction, as suspensive appeal only maintains status quo.

4. Appeal and error ☞458(3)—Devolutive appeal not proper substitute for motion to dissolve injunction.

Devolutive appeal from order granting preliminary injunction does not afford appropriate relief and is not proper substitute for motion to dissolve the writ.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Suit by the Vicksburg, Shreveport & Pacific Railway Company against Ned Bradley and others. From an order granting a preliminary injunction, defendants appeal. Appeal dismissed.

John St. Paul, Jr., of New Orleans, for appellants.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellee.

O'NIELL, C. J. [1] This is an appeal from an ex parte order granting a preliminary injunction on bond. The allegation on which the writ was issued was that the railway company had been disturbed in the actual and real possession which the company had had of a tract of land for more than a year. Under the fifth paragraph of article 298 of the Code of Practice, plaintiff was entitled to the writ of injunction on the face of the petition as a matter of right, on furnishing the required bond. The judge had no discretion in the matter.

There was no motion to dissolve the injunction, on bond or otherwise. The appeal was asked for four days after the writ had been issued; and the appeal was granted without notice to the plaintiff. The order was for either a suspensive or a devolutive appeal; and, from the fact that the appeal bond was fixed at $3,001 for the so-called suspensive appeal and at only $100 for a devolutive appeal, we assume that the judge intended that the so-called suspensive appeal, on a bond of $3,001, should have the effect of dissolving the injunction and allowing the alleged trespass to go on while the case would be pending on appeal. The appellant also construed the order of appeal that way, and gave bond for $3,001, calling it a suspensive appeal bond.

[2-4] Appellant was not entitled to an appeal from the order of injunction, because it could not have caused irreparable injury. There is no right of appeal from an interlocutory order that cannot cause irreparable

injury. The judge should not have dissolved the injunction by this indirect method of granting a so-called suspensive appeal. A suspensive appeal, as its name implies, only maintains the status quo. It does not undo what has been rightfully done in execution of the judgment or order appealed from. When a preliminary injunction has been issued and is in force, a devolutive appeal from the order granting the writ does not afford appropriate relief, and is not a proper substitute for a motion to dissolve the writ.

Appellee has moved to dismiss this appeal on the ground that there is no right of appeal from an order of injunction granted under authority of article 298 of the Code of Practice. We doubt that a motion to dismiss the appeal was necessary; for a dismissal of the appeal is a more appropriate way of disposing of the case than an affirmance of the order appealed from would be.

The appeal is dismissed, at appellant's cost.