BRUNOT, J.
 

 This is a petitory action, and from an adverse judgment herein the plaintiff appealed. The property involved is described as follows:
 

 “Lot Eleven (11) of Block One (1) of the Holmes and Adams Addition to the Town of Tullos, as per plat duly recorded April 25,1925, in the Records of the Parish of LaSalle, State of Louisiana, the said property being a portion of the Southwest Quarter of the North West Quarter, Section Twenty-five, Township Ten North, Range One East, Louisiana meridian, situated in the Parish of LaSalle, State of Louisiana.”
 

 The petition alleges that defendants are in the actual physical possession of the property, under a claim of ownership. It is admitted that the original map of the town of Tullos is lost, or was destroyed many years ago, and that the lot sued for is numbered on the original map differently from the number shown on the existing map, but that it is the same property that is described in the respective deeds under which both the plaintiff and defendants assort ownership.
 

 Plaintiff does not allege that he ever had possession of the property. The trial judge correctly found that the original author of plaintiff’s title was J. I. Holmes. He also found that the original author of the defendant’s title was Mrs. Fannie Holmes, presumably the wife of J. I. Holmes. It appears that the defendant’s chain of title begins with a deed from Mrs. Fannie Holmes to A. S. Nor-rid, recorded August 17, 1901. Mrs. Fannie Holmes acquired the property from W. W. Adams March 18, 1S99. This deed is recorded in conveyance book 4, folio 508, of the Conveyance Records of La Salle parish. A. S. Norrid sold the property to J. W. Kendrick August 22, 1901. This deed is recorded in Conveyance Book 5, folio 243. Right here there is a fatal break in plaintiff’s chain of title. The plaintiff claims through A. S. Nor-rid, as one of his authors in title, by deed to Dr. C. Davis, dated October 22, 1901, recorded June 2, 1904, in Conveyance Book 5, folio 577. The property involved in this suit is not described in that deed, but, if it was described therein, with particularity, the situation would not be different, for the deed from Norrid to Kendrick is dated exactly two
 
 *346
 
 months prior to the deed from Norrid to Dr. Davis, and was recorded approximately four years before the deed from Norrid to Dr. Davis. It is apparent that when Norrid sold to Davis, he then had neither title to nor interest in the lot sued for. It is a cardinal rule that in a petitory action the plaintiff must recover upon the strength of his asserted title and not upon the weakness of the defendant’s. Moreover, the trial judge correctly found that the defendants had openly possessed and exercised undisturbed control of the property, under a title valid on its face, for more than ten years, and he sustained the defendants’ plea of ten years prescription acquirendi causa.
 

 A plea of estoppel was filed by the plaintiff which the trial judge briefly but correctly' disposes of in the following words:
 

 “The instrument upon which this plea is based was signed by H. M. Price, who did not own the lot in question at the time the instrument was filed and therefore it cannot operate against the owner, and for these reasons the plea of estoppel is overruled.”
 

 The judgment appealed from is affirmed, at appellant’s cost.