HIGGINS, Justice.
 

 This case is before the court on a writ of certiorari issued by us with a stay order, prohibiting the trial judge from proceeding further with the dissolution of a mandatory and a prohibitive injunction granted in behalf of the relator against the respondent.
 

 Plaintiff railway company instituted suit against the defendant for the. purpose of obtaining a mandatory and a prohibitive injunction against the defendant, averring:
 

 “That at and in the vicinity of its station called Grand Bayou, in said Parish of Red River; it has a plot of land constituting its right-of-way two hundred feet in width on which is located a main-line track, a passing track, a switch track, with a depot building, a stock pen, water tank, treating pit, section houses, and other structures, * * *
 

 “That your petitioner, for more than a year prior to the disturbance herein complained of, has had the real, actual, quiet and uninterrupted possession of said strip of ground, two hundred feet in width, and its said station, tracks and improvement located thereon, as owner.”
 

 The petition further alleged that on August 22, 1935, the defendant disturbed the railway company in its possession of its property by partly stretching a wire against the property immediately east of its water tank, and, at the same time, attempted to post its right of way; that defendant staked his cattle to graze on the right of way; that he threatened plaintiff’s employees with violence, forbidding them to pass- back and forth over the right of way; that he forbade Allen Winstead, plaintiff’s section foreman, to cut grass on the right of way and to pass over it in going- to and from the section house, which is the residence provided by the plaintiff for its section foreman, the building being located on the right of way; and that defendant’s acts are causing plaintiff irreparable injury, which is not compensable, by interfering with plaintiff’s-business of operating as a common carrier engaged in interstate commerce.
 

 Plaintiff prayed for the issuance of preliminary writs of injunction, mandatory to force defendant to take down the wire and prohibitory to prevent further disturbances-
 

 
 *403
 
 A temporary restraining order, as prayed for, was issued on August 27, 1935. After a contradictory hearing between the parties, preliminary writs of injunction, as prayed for, were ordered issued on September 7, 1935, upon plaintiff posting two separate bonds of $1,000 each. These bonds were filed and the injunctions were issued and properly served on the defendant.
 

 On December 20, 1935, the defendant presented a petition to the district judge, alleging that the plaintiff had forfeited all its rights to the writs of injunction, because its employees molested defendant “in the discharge of his daily affairs,” and the same day secured an order from the district judge, ruling plaintiff into court to show cause on Friday, December 27, 1935, why the preliminary writs of injunction should not be rescinded or modified. The petition of the defendant, with the order indorsed thereon, was not filed in the clerk of court’s office lintil December 23, 1935, on which date the clerk, after unsuccess fully attempting to secure service on the plaintiff, mailed a certified copy of the petition, order, and citation to the civil sheriff of the parish of Orleans, for the purpose of having service made on the plaintiff. The citation reads as follows:
 

 “The State of Louisiana.
 

 “To: Texas & Pacific Railway Company “Of: The Parish of Orleans, Louisiana
 

 “You are hereby cited to appear in the office of the Clerk of the said Court, in the Town of Coushatta, Parish aforesaid, and comply with the demand contained in the petition, of which a copy is hereto annexed ; or file your answer thereto in writing, in the office of the said Clerk in ten days after service hereof, with one additional day for every ten miles between your residence and the office of said Clerk, not to exceed fifteen days.
 

 “Witness the Honorable Jas. W. Jones, Jr., Judge of said Court, this 23rd day of December, A. D., 1935.
 

 “[Signed] R. L. Corley, Dy. Clerk.”
 

 The civil sheriff received the documents at New Orleans on December 27, 1935, the date on which the rule was to be tried, and on that date made domiciliary service on the plaintiff’s agent at New Orleans.
 

 On December 27, 1935, without any further notification to the plaintiff, the trial judge convened court at Coushatta, parish of Red River, La., and took up the rule in the absence of the plaintiff, rendering judgment rescinding and recalling the writs of injunction previously issued in favor of the plaintiff.
 

 On December 30, 1935, plaintiff addressed an application for writs to this court, which were made returnable on the 13th day of January, 1936.
 

 The pertinent parts of article 298 of the Code of Practice read as follows:
 

 “The injunction must be granted, and directed against the defendant himself, in the following cases: * * *
 

 “5. When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real
 
 *405
 
 right, of which he claims either the ownership, the possession or the enjoyment.”
 

 See, also, Dupre v. Swafford, 25 La.Ann. 222; Ward v. Douglass, 22 La.Ann. 463; Vicksburg, S. & P. Ry. Co. v. Bradley, 153 La. 427, 96 So. 20.
 

 Under the provisions of section 2 of Act No. 29 of 1924, plaintiff was entitled to two days’ notice of defendant’s intention to move for the dissolution of the preliminary writs of injunction previously granted in favor of the plaintiff. The record shows that the notice addressed to the plaintiff was not served on its agent until the very day the judgment of dissolution was rendered by the district judge. Furthermore, under the citation or notice that was served upon the plaintiff, it was entitled to delay of 15 days before it could be required to appear and contest defendant’s right to have the writs dissolved.
 

 It appears to us that this is a case where the plaintiff is entitled to have this court exercise its supervisory jurisdiction. We have held that writs were properly issued where party was condemned without a hearing. State ex rel. Town of Minden v. Hunter, 117 La. 294, 41 So. 578; State ex rel. Negrotto v. Judge, 45 La.Ann. 1437, 14 So. 419; State ex rel. Waller v. Justice, 47 La. Ann. 27, 16 So. 565; State ex rel. Hohn v. Recorder, 50 La.Ann. 549, 23 So. 621; State ex rel. Vincent Graffina v. Finnegan, 52 La. Ann. 694, 27 So. 564.
 

 For the reasons assigned, the rule nisi is made absolute, the judgment of the district court is annulled and set aside, and the preliminary writs of injunction, both mandatory and prohibitory, are reinstated; respondent to pay the costs of court.