## TEXAS & P. RY. CO. v. BURCH.

### No. 5172.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1936.

See, also (La.Sup.) 166 So. 117.

Wise, Randolph, Rendall & Freyer and J. N. Marcantel, all of Shreveport, for appellant.

Stephens & Gahagan, of Natchitoches, for appellee.

DREW, Judge.

This is a possessory action. Plaintiff's petition is as follows:

"1. That your petitioner is a corporation duly organized and existing under the laws of the United States of America and operating lines of railway in the State of Louisiana, Arkansas and Texas, with J. L. Lancaster as its president.

"2. That the defendant is J. T. Burch a resident of said Parish and State.

"3. That for many years prior to the disturbance hereinafter set forth, your petitioner was in the actual, physical possession of a tract of land in said Parish described as located 55 feet northerly from the center line of your petitioner's main tract and 418 feet easterly from the east end of your petitioner's depot platform, said tract being 18' 9" X 20' 5", as shown in red on blueprint map hereto attached and made part hereof.

"4. That within a year from the date of filing this petition, the said defendant unlawfully and wrongfully entered upon the said property of your petitioner and erected thereon a garage building of the dimensions above set forth and is now in possession of said ground and refuses to deliver same to your petitioner; amicable demand urged in vain.

"5. Wherefore, premises considered, your petitioner prays that the said defendant be duly cited to appear in answer hereto, and after all legal delays and due proceedings had, that there be judgment in favor of your petitioner and against said defendant, restoring said property to the possession of the petitioner and ordering said defendant to remove said building so erected by him from said land."

The suit was filed on December 12, 1934, and on December 17th, following, defendant filed an exception of no cause or right of action. On March 12, 1935, defendant filed an answer in which he admitted the allegations contained in articles 1 and 2 of plaintiff's petition, but denied those contained in articles 3 and 4.

By agreement of counsel, the case was fixed for trial for July 22, 1935. It is to be noted that the exception of no cause or right of action had never been argued nor submitted to the court for a decision thereon. On July 22, 1935, when the case was called, counsel for plaintiff offered for filing a supplemental and amended petition, the pertinent parts of which are as follows:

"1. That at the time of and for many years prior to the disturbance set out and described in petitioner's original petition herein, your petitioner was in the actual, physical possession, as owner, of the tract of land described in the original petition herein.

"2. That the value of the right or subject matter involved in this action is $150.00.

"Wherefore, petitioner prays that this amended and supplemental petition be filed and allowed, and further prays as set forth in the prayer of its original petition herein, for any and all proper and necessary orders and decrees in the premises and for full, general and equitable relief."

Defendant objected to the filing of the supplemental and amended petition, which objection was sustained. However, it was allowed to be filed subject to the objection, in order that it might be viewed by this court. The exception of no cause of action was then taken up, argued, and submitted to the court. The exception was sustained and plaintiff's suit dismissed at its cost. From this judgment, plaintiff has prosecuted this appeal.

Defendant's contention under his exception is that plaintiff, in its original petition, failed to allege that it had possessed the property quietly and without interruption and under one of the titles prescribed by article 47 of the Code of Practice for more than a year previous to its having been disturbed, as required by article 49 of the Code of Practice.

█ Pretermitting a discussion of the failure of plaintiff to make the necessary allegations to state a cause or right of action in its original petition, it is certain that the supplemental petition, taken with the original petition, does set forth the necessary allegations. If we find the lower court erred in refusing to allow the supplemental petition to be filed, then, of course, the issues before·us are disposed of and the judgment of the lower court is erroneous; and we are convinced that the lower court did err in refusing to allow the supplemental petition to be filed.

The supplemental petition was offered for filing before the exception was called for trial. It in no way changed the issues in the case nor altered the substance of the demand, and could not have caused any delay. It should have been allowed.

Code of Practice, art. 419. (See numerous citations thereunder.)

While it is true the trial judge is vested with much discretion as to the time of the allowance of an amended petition, the discretion must be used judicially for the promotion of justice and not arbitrarily. In the case. at bar the trial judge abused the sound judicial discretion vested in him when he refused to allow the amended petition to be filed. However, we are convinced he was misled by erroneous interpretations placed on the decisions of Tuck v. Harmon (La.App.) 151 So. 806, and West Orleans Beach Corporation v. Martinez, 180 La. 31, 156 So. 165. In each of these cases the exception of no cause of action was tried and erroneously overruled, after which plaintiffs attempted to amend their petitions, and the court held that since the exceptions were tried and should have been sustained prior to the amended petitions, the appellate court would have to pass upon the exceptions on the pleadings as made up at the time of the decision on the exceptions.

█ In the case of Faulkner v. Milner-Fuller, Incorporated, 154 So. 507, this court held that an amended petition filed after the trial of an exception of no cause of action, but before a ruling had been made thereon by the court, the ruling must be determined by considering the contents of both the original and amended petitions. It therefore follows that in the case at bar, the amended petition was offered for filing before the exception was called for trial and should have been considered, together with the original petition, in passing on the exception. All the defects contended by defendant to have existed in the original petition were cured by the amended petition, and the exception should have been overruled.

The judgment of the lower court is therefore erroneous, and it is now reversed and remanded, to be tried in accordance with law; cost of appeal to be paid by appellee and all other costs to abide the outcome of the case on its merits.