O’NIELL, Chief Justice.
 

 This is a possessory action. The railway company is asking to be maintained in possession of its right of way on the south side of its main line and in the vicinity of its station at a place called Grand Bayou, in Red River Parish. The railway company claims that its right of way is 200 feet wide, having a width of 100 feet on each side of the center of its track. The defendant claims that the right of way extends only 50 feet on each side of the center of the track; and he claims a tax title to a part of the land extending from the distance of 50 feet to the distance of 100 feet on the south side of the track. He attempted to take possession of the land claimed by him by stretching a one-strand wire fence around it, and by pasturing his cattle, and making hay on the land; and finally he forbade the railway employees who had charge of the right of way to enter upon that part of the right of way which he claimed. The railway company obtained a preliminary injunction, forbidding the defendant to trespass or enter upon the land in dispute. The injunction was made mandatory to the extent of ordering the defendant to take away the wire fence which he had constructed. The defendant, before answering the suit, obtained a rule on the railway company to show cause why the injunction should not be dissolved. The rule was served on the railway company in New Orleans on the day on which the rule was to be tried in Coushatta, in Red River Parish, about 250 miles away. The railway company, therefore, had no opportunity to be heard in defense of the rule. The rule was taken up and tried in the absence of the attorneys for the railway company, and was made absolute. The railway company obtained from this court a writ of certiorari, and, after a hearing, the judgment of the district court was reversed and set aside, and the writ of injunction, both £>ro
 
 *163
 
 hibitory and mandatory, was reinstated. The facts are given at length in the report of the case, Texas & Pacific Railway Co. v. Burch, 184 La. 400, 166 So. 117.
 

 After the injunction was reinstated the defendant answered the suit, and after trial the judge gave judgment for the defendant, dissolving the writ of injunction and rejecting the plaintiff’s demand. The plaintiff is appealing from the decision.
 

 The only question at issue is whether the railway company had such possession of the right of way, extending 100 feet on each side of its track, as was necessary to maintain a possessory action. The law requires, to maintain a possessory action, that the plaintiff must have had actual possession of the property for more than a year at the time of the disturbance of which he complains. Code of Practice arts. 49 and 298; Rev.Civ.Code, art. 3455. The railway company constructed a wire fence, with very durable fence posts, along both edges of the 200-foot right of way, at the time when the railroad was constructed through Red River parish, in the beginning of the year 1903; and, except for a considerable distance on the north side of the track, the fence was maintained in thorough repair up to the date of the trial of this case. A portion of the fence on the north side of the track was taken down a few years ago on account of the construction of a paved highway but there was no abandonment of that part of the right.of way. The railroad depot and the stock pen are located on that side of the track, and the section houses, the water tank and other structures of the railway company are on the south side of the track, more than 50 feet and less than 100 feet from the center of the track, near the place where the defendant trespassed. The railway company has cut the grass from all of the 200-foot right of way every year since the railroad was constructed, and has possessed the right of way in every way in which a railroad company could possess or occupy g right of way. Our conclusion, therefore, is that the railway company is entitled to have the injunction against the defendant reinstated and perpetuated.
 

 The judgment appealed from is annulled and reversed, and the writ of injunction which the judge of the district court granted and afterwards dissolved is now reinstated and perpetuated, both as a prohibitory injunction . to prevent the defendant from trespassing upon the plaintiff’s right of way, and as a mandatory injunction to compel him to remove the fence which he constructed on the right of way, and to remove any other obstructions which he may have placed there. The’ defendant is to pay the costs of this suit. .
 

 ODOM, J., absent.