In the original petition of this possessory action, instituted in the district court of Red River Parish, Louisiana, on December 12, 1934, by the Texas Pacific Railway Company against J.T. Burch and there docketed as No. 6623, it is alleged:
"That for many years prior to the disturbance hereinafter set forth, your petitioner was in the actual, physical possession of a tract of land in said Parish described as located 55 feet northerly from the center line of your petitioner's main tract and 418 feet easterly from the east end of your petitioner's depot platform, said tract being 18'9" x 20'5" as shown in red on blueprint map hereto attached and made part hereof.
"That within a year from the date of filing this petition, the said defendant unlawfully and wrongfully entered upon the said property of your petitioner and erected thereon a garage building of the dimensions above set forth and is now in possession of said ground and refuses to deliver same to your petitioner; amicable demand urged in vain."
The prayer is for "judgment in favor of your petitioner and against said defendant, restoring said property to the possession of the petitioner and ordering said defendant to remove said building so erected by him from said land."
An exception of no cause of action, leveled at the quoted allegations, was sustained by the district court; and on an appeal duly perfected we reversed the judgment, overruled the exception, and remanded the case for trial. Our holding was that plaintiff, through the allegations of the original petition and those of a supplemental petition that was subsequently filed, had stated a cause of action. 166 So. 119.
Another and a separate possessory action was brought by this plaintiff against this defendant in the aforementioned district court on August 27, 1935, being docketed *Page 471 
there as No. 6679, affecting a long strip of land 200 feet in width that completely surrounds the small parcel involved in the instant cause and on which there is located the main line track and other properties belonging to plaintiff.
The two cases were eventually tried on their merits, the testimony adduced being applicable to and used in both, and a judgment was rendered in each by the district court rejecting the demands of plaintiff.
An appeal from the judgment in cause No. 6679 was taken to and prosecuted in the Supreme Court, which had jurisdiction thereof by reason of the value of the subject matter involved, resulting in a reversal of such judgment and a decree that plaintiff was entitled to the injunctive relief sought by it. The proceedings in that tribunal carried the number of 34,186, and the court's opinion is reported in 197 La. 160, 1 So.2d 64, 65.
The other cause, being No. 6623 on the district court's docket and the one presently under consideration, was properly appealed to this court by plaintiff.
Appellant's counsel state that they "consider the subject matter of the case now before this court a thing finally adjudged by the Supreme Court"; implying, of course, that the issues of the mentioned two causes are identical.
It is said by counsel for defendant and appellee in their brief that:
"The copy of the transcript filed in a suit between the same parties herein and bearing No. 34186 on the docket of the Supreme Court of the State of Louisiana, contains all of the testimony which I am able to find and which should have been inserted in the record in this case, and in view of this fact I am perfectly willing for this Court to decide this case on the record as made up and the transcript which was filed in the Supreme Court.
* * * * *
"In order for this plaintiff to win this suit it will be necessary to show:
"1. That prior to the time this defendant built his garage on the piece of ground in dispute that the plaintiff had had actual physical possession of the piece of ground.
"2. That the disturbance made by this defendant occurred within the year in which this suit was filed."
The proposition first stated by appellee's counsel seems to be decisively foreclosed by the Supreme Court in the following language of the opinion rendered in the referred to companion cause: "The only question at issue is whether the railway company had such possession of the right of way, extending 100 feet on each side of its track, as was necessary to maintain a possessory action. The law requires, to maintain a possessory action, that the plaintiff must have had actual possession of the property for more than a year at the time of the disturbance of which he complains. Code of Practice arts. 49 and 298; Rev.Civ. Code, art.3455. The railway company constructed a wire fence, with very durable fence posts, along both edges of the 200-foot right of way, at the time when the railroad was constructed through Red River parish, in the beginning of the year 1903; and, except for a considerable distance on the north side of the track, the fence was maintained in thorough repair up to the date of the trial of this case. A portion of the fence on the north side of the track was taken down a few years ago on account of the construction of a paved highway but there was no abandonment of that part of the right of way. * * * The railway company has cut the grass from all of the 200-foot right of way every year since the railroad was constructed, and has possessed the right of way in every way in which a railroad company could possess or occupy a right of way. Our conclusion, therefore, is that the railway company is entitled to have the injunction against the defendant reinstated and perpetuated."
Anent the second contention, it appears from the record that the offending garage was constructed in January, 1934, while this action was commenced in the following December or within a period of twelve months thereafter.
Consequently, all of the requisite elements of the possessory action are shown to be present, and plaintiff's suit must prevail.
The decree of the district court is therefore reversed and set aside, and there is now judgment in favor of plaintiff and against said defendant restoring the property involved herein to the possession of the plaintiff and ordering the defendant to remove his garage building from said land.
Defendant shall pay the costs of both courts. *Page 472