HIGGINS, Justice.
 

 The relators ask this court to invoke its supervisory jurisdiction to determine the correctness of -the ruling of the trial judge in refusing to vacate and "set aside an order granting a judicial sequestration of the property involved in a petitory action and an order permitting the plaintiff in that suit to bond the sequestration, after the defendants in the title contest had failed to avail themselves of the right to bond the seizure within ten days after it was made.
 

 The respondent and the district judge in the return to the rule in this court stated that the district judge was authorized by Article 274 of the Code of Practice to judicially sequester the real estate involved in the petitory action and was empowered by Article 279 of the Code of Practice to permit the plaintiff therein to bond the seizure, after the defendants therein had failed, within ten days from the seizure, to bond the sequestration, upon furnishing a solvent bond in the amount required by the order of the district judge.
 

 Article 274 and the relevant parts of Article 279 of the Code of Practice read, respectively, as follows:—
 

 “274. The court may order, ex officio, the sequestration of real property in suits, where the ownership of such property is in dispute and
 
 when one of the contending parties does not seem to have a more apparent right to the possession than the other.
 
 In such cases, sequestration may be ordered to continue until the question of ownership shall have been decided.” (Italics ours.)
 

 “279. "A defendant against whom a mandate of sequestration has been obtained, except in cases of failure, may have the same set aside by executing his obligation in favor of the sheriff, with one good and solvent surety, for whatever amount the "judge may determine, as being equal to the value of the property to be left in his possession.
 

 “And whenever the defendant shall fail or neglect to execute such obligation, in the manner prescribed, within ten days after the seizure of the property by the sheriff, then it' shall be lawful for the plaintiff, his agent or attorney in fact, to give similar bond and security to the sheriff as that required by law from the defendant, and to take the property sequestered into his possession.”
 

 The record shows that the late Philip George Veith, by properly recorded instruments dated March 14, 193S, placed five certain pieces of improved and unimproved real propery in the name of Adrien Jones, and took unrecorded counter letters from him of the same date. Mr. Veith died on December 3, 1941, and his widow was ■placed in possession of his entire estate, including the property in controversy, by judgment of the Civil District Court dated December 18, 1942. On September 28, 1942, Adrien Jones executed a recorded deed covering the property in question in favor of Walter Bolding, who granted and recorded a mortgage on it in the sum of $8,300. Bolding instituted a petitory action against Mrs. Veith and her son, Philip
 
 *1016
 
 Frederick Veith, claiming title to the property by virtue of the alleged sale from Jones to himself, stating that the Veiths were in possession of it. The Veiths, in their answer to the suit, denied that the plaintiff was the owner of the real estate and averred that the deed from Jones to Bolding was a fraudulent simulation and, in reconvention, asserted that the purported sale and the mortgage were null and void, having resulted from a fraudulent scheme between Jones and Bolding and the mortgage creditor to defraud' them of their property, and prayed that it be annulled.
 

 On Bolding’s motion, the district judge ordered, ex parte, a judicial sequestration of the property, and upon the failure of the Veiths to bond the seizure within ten days, granted another ex parte order in favor of Bolding to take possession of the property upon furnishing a bond with solvent surety in the sum of $10,000.
 

 The Veiths then brought a rule against Bolding to have the above orders set aside as having been improvidently granted contrary to their legal right to remain in possession during the pendency of the petitory suit. They also petitioned the court for an injunction to restrain Bolding from interfering with their possession until the question of the title to the property was determined. These rules were tried together and resulted in a judgment of dismissal on January 5, 1943. Thereafter, the Veiths applied to this court for writs of certiorari, prohibition and mandamus, which we granted with a stay order.
 

 On the trial of the rules in the court a qua, it was shown that some of the real estate in question is rental property and that Mrs. Veith and her husband had been in possession of it and the unimproved property for many years. Bolding did not offer any countervailing proof and, on the contrary, in his petition claiming title, he states that the Veiths are in possession of the properties.
 

 The pertinent provisions of Article 3454 and Article 3455 of the Revised Civil Code, provide:
 

 “3454. Rights, which are common to all possessors in good or bad faith, are:
 

 “1. That they are considered provisionally as owners of the thing which they possess, so long as it is not reclaimed by the true owner or person entitled to reclaim it, and, even after such reclamation, until the right of the person making it is established.
 

 “2. That every person who has possessed an estate for a year, or enjoys peaceably and without interruption a real right, and is disturbed in it, has an action against the disturber, either to be maintained in his possession, or to be restored to it, in case of eviction, whether by force or otherwise.”
 

 “3455. The action which a possessor for one year has against a person disturbing his possession, to be maintained in it or restored to it, as is said in the preceding article, shall be decided before pronouncing on the question of ownership, and the real owner shall not be allowed to repel it by endeavoring to prove his right.”
 

 Article 53 and the pertinent parts' of Article 298 of the Code of Practice, respectively, read:
 

 
 *1018
 
 “53. The,plaintiff in a possessory action needs only, in order to make out his case, to prove that he was in possession of the property in question, in the manner required by this Code, and that he has been either disturbed or evicted within the year previous to his suit.
 

 “So that when the possession of the plaintiff, or the act of disturbing him is denied, no testimony shall be admitted, except as to the fact of the possession, or as to the act of disturbance, and all testimony relative to property shall be rejected.”
 

 “298. The injunction must be granted, and directed against the defendant himself, in the following cases:
 

 iji
 
 %
 
 ijc iji
 

 “5. When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment.”
 

 Under the jurisprudence of this State, it appears that the party who has been in possession of the property for more than one year is entitled to remain in possession of it and the claimant of ownership thereof is required to institute a petitory action to test title thereto. Pecot v. Police Jury, 41 La.Ann. 706, 6 So. 677; Churchill Farms v. Gaudet, 184 La. 984, 987, 168 So. 123; Vicksburg, S. & P. R. Co. v. Bradley, 153 La. 427, 96 So. 20; and Brown v. Smelley, 19 La.App. 853, 141 So. 801.
 

 It is elementary that a petitory suit must be brought against the party in possession of the real property and that the plaintiff therein must rely upon the strength of his own title aijd not upon the weakness of the defendant’s, who holds possession. Miles Planting & Mfg. Co. v. Ware, 142 La. 1026, 78 So. 104; Thomas & Bullis v. Strieker Land & Timber Co., 181 La. 784, 160 So. 413; Boykin et al. v. Jenkins et al., 174 La. 335, 140 So. 495; Pringle v. Price et al., 170 La. 343, 127 So. 745; and Niette v. Stringfellow, La.App., Second Circuit, 3 So.2d 911.
 

 The question then arises whether or not the trial judge was justified or abused his discretion in issuing the sequestration. Under the above-recited facts, it is difficult to see how it can be said that one of the contending parties' in the petitory action “does not seem to have a more apparent right to possession” of the property “than the other”. The defendants’ right to continue in possession of the property was clearly more apparent than the plaintiff’s, because they were in possession of it and have been for many years and particularly from 1935, when the plaintiff claims Adrien Jones bought it, to this very day. In the light of the serious charges made by the Veiths against Bolding, Jones, and the mortgage creditor, to illegally deprive them of their property, it is our view that they (the Veiths) have a more apparent right to possession of the property, after having occupied it for a great many years, than Bolding, who is said to have attempted to acquire title thereto through fraud.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment of
 
 *1020
 
 the district court dismissing the rule to set aside the orders granting the judicial sequestration and permitting Bolding to bond it, is annulled, and those orders are vacated ; and the rule herein is made absolute and the writs perpetuated.
 

 It is further ordered that the case be remanded to the trial court, with instrutions to the district judge to issue a preliminary writ of injunction in favor of the relators, Mrs. Virginia Violet Carter Veith, widow of Philip George Veith, and her son, Philip Frederick Veith, defendants, and plaintiffs in reconvention in the petitory action, restraining and prohibiting Walter Bolding, plaintiff therein, from interfering with their possession during the pendency of the petitory action, upon furnishing bond with solvent surety, conditioned according to law, not to exceed the sum of $500. Bolding is to pay the costs of this court and all other costs are to await the final disposition of this litigation.
 

 O’NIELL, C. J., recused.
 

 ROGERS and ODOM, JJ., take no part.